# Richmond

## J. H. White v. The Town of Culpeper, a Municipal Corporation.

February 20, 1939.

Record No. 2026.

Present, All the Justices.

The opinion states the case.

*R. A. Bickers* and *John S. Barbour,* for the plaintiff in error.

*Burnett Miller* and *E. E. Johnson,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

The town of Culpeper is a Virginia municipality deriving its governmental powers from its legislative charter and from the general laws of the State. At a meeting of the town council, held on the 13th day of April, 1937, the following ordinance was enacted:

"Be it ordained by the Council of the Town of Culpeper, Virginia:

"Section 1. The practice of being in and upon private residences in the town of Culpeper, Virginia, by· solicitors, itinerant merchants, and transient vendors of merchandise, not having been requested or invited so to do by the owner or owners, or occupant or occupants of said private residences for the purpose of soliciting orders for the sale of goods, wares, and merchandise or for the purpose of disposing of same, is hereby declared to be a nuisance and punishable as such nuisance as a misdemeanor.

"Section 2. The police officers of the Town of Culpeper are hereby required and directed to suppress the same and to abate any such nuisance as is described in the first section of this ordinance.

"Section 3. Any person convicted of perpetrating a nuisance as described and prohibited in the first section of this ordinance, upon conviction thereof shall be fined a sum of not less than Twenty-Five Dollars ($25.00) or more than One Hundred Dollars ($100.00) together with costs."

The general law applicable to municipalities is section 3030 of the Code, and contains this general grant of power: "Every city and town shall have power to prevent injury or annoyance from anything dangerous, offensive, or unhealthy, and cause any nuisance to be abated."

The charter basis upon which the ordinance is founded is as follows:

"The said town, and council thereof, shall in addition to the power herein and heretofore granted to it, and the duties herein and heretofore granted to it, and the duties herein and heretofore imposed upon it, have all the rights and powers granted to towns under all provisions of the Code of Virginia * * * .

\* \* \* \* \* \* \*

"The Council shall have power within said town to lay off * * * and pave streets * * * and gutters for the public use * * * and have them kept in good order * * *; to prevent injury or annoyance to the public or individuals from anything dangerous, offensive or unwholesome; to protect the places of divine worship and about the premises where held; to abate or cause to be abated anything which, in the opinion of a majority of the whole council, shall be a nuisance."

The defendant, John H. White, was tried and convicted by the trial justice of Culpeper County, upon a warrant which charged him with violating the ordinance above set forth. Upon appeal to the circuit court, a trial by jury was waived, and the case was submitted to the trial court upon the following agreed statement of facts:

"First: The defendant, J. H. White, is a solicitor for Real Silk Hosiery Mills, Inc., an Illinois corporation, with its mills and executive offices located in the city of Indianapolis, Indiana, and hereinafter referred to as Mills. The Mills is engaged in the manufacture and sale of hosiery, lingerie, and other similar merchandise.

"Second: The defendant has no stock of merchandise, but has samples which he displays to his customers. If a customer desires to place an order, he signs an order blank, which the defendant carries with him for such purposes. This order blank gives the name and address of the customer, the merchandise which he desires, the sizes, prices, amount paid down, and balance to be paid. Such signed order blank is sent to the Mills at Indianapolis for its ap-

proval and acceptance. If approved and accepted, the order is filled by merchandise sent direct from the Mills to the customer, parcel post, C. O. D. If the order is not approved, accepted and filled, the down payment is returned to the customer.

"Third: The defendant White called upon listed customers of said Mills in the Town of Culpeper, Virginia, where such orders have been solicited for more than the past fifteen years. As he hears of new customers likely to be interested, he calls upon them also.

"Fourth: The defendant as solicitor of the Mills at times in approaching a customer, or prospective purchaser, at their private home would ask permission to call later and present a small token or gift, and if permission was given would later that day or probably the next day call and solicit the order; and in some instances, which was especially true as to old customers, they would approach their customers, state their business and solicit orders without first asking permission to return and solicit an order. The defendant was at all times courteous, gentlemanly, and considerate in all of his calls. He was never offensive or unduly insistent, nor were any of his acts or practices dangerous, offensive, unhealthy, or unsafe, either as relating to the general public or the person or persons upon whom the defendant called."

The judgment of the trial justice was affirmed and it was adjudged that defendant pay the town of Culpeper a fine of $25.00.

The assignments of error challenging the judgment entered against the defendant are five in number. It is unnecessary to discuss the assignments of error separately, for the reason that they involve only one question, namely, is the ordinance a valid and binding one?

It is conceded that the ordinance under consideration is patterned after the ordinance adopted by the town of Green River, Wyoming, which has been the subject of much litigation and frequent judicial comment. It is upon the decisions holding the Green River ordinance valid that coun-

sel for the town mainly rely for affirmance. Those cases are: *Town of Green River* v. *Fuller Brush Company,* 65 F. (2d) 112, 88 A. L. R. 177; *Town of Green River* v. *Bunger,* 50 Wyo. 52, 58 P. (2d) 456.

Opposed to the holding in those cases, based upon similar or identical ordinances, are the cases of *Real Silk Hosiery Mills* v. *City of Richmond, California* (D. C.) 298 F. 126; *Jewel Tea Company* v. *Town of Bel Air,* 172 Md. 536, 192 A. 417; *City of Orangeburg* v. *Farmer,* 181 S. C. 143, 186 S. E. 783; *Prior* v. *White,* 132 Fla. 1, 180 So. 347, 116 A. L. R. 1176.

In the last named case, Mr. Justice Brown, in an able opinion, has carefully analyzed all of the cases dealing with the question, and drawn all proper distinctions involved.

▇ The question of the validity of the instant ordinance being one of first impression in this State, we are forced to base our conclusions upon our construction of the ordinance itself, in view of the surrounding facts and circumstances. There is no evidence, as shown by the agreed statement of facts, that the defendant was guilty of any impolite, discourteous or annoying conduct in any of his visits to the homes of his customers. On the contrary, it is agreed that "defendant was at all times courteous, gentlemanly, and considerate in all his calls, was never offensive or unduly insistent, nor were any of his acts or practices dangerous, offensive, unhealthy, or unsafe either * * * to the general public or the person or persons upon whom the defendant called."

The warrant upon which defendant was tried was procured by the town sergeant, and there is an utter lack of evidence of complaint upon the part of any of the householders of the town.

▇▇ If the validity of the ordinance is upheld, it must be upon the ground that the evil at which it is aimed is a public nuisance, and the authority to punish is warranted by the exercise of the police power. If the visitation of solicitors merely offends the householder, it is, or may be,

a private nuisance, but even so, it is not punishable as a crime.

In Dillon on Municipal Corporations, Vol. 2 (5th Ed.) section 8, this is said:

"Nuisances are of two kinds—public or common nuisances, which affect people generally, and private nuisances which may be defined as anything done to the hurt of the lands, tenements, or hereditaments of another. Russell on Crimes, 4th Ed. 435. * * * That which affects only three or four persons is a private and not a public nuisance. *King* v. *Loyd,* 4 Esq. 220 * * * .

"An indictment will lie for a public nuisance but *not* for a private nuisance. *King* v. *Atkins,* 3 Burr. 1806. That which is not of public concern is a mere civil injury. *King* v. *Storr,* 3 Burr. 1698; *King* v. *Johnson,* 1 Wils. 325; 46 C. J. 646, 648."

Bearing in mind these distinctions, we look to the powers granted the town of Culpeper under the general law and the terms of its charter provisions, to ascertain the limits beyond which it cannot lawfully go. There is, in our opinion, no authority granted the municipality in its charter to declare the mere presence of a solicitor upon private property to be a nuisance, unless such presence in reality constitutes a public nuisance.

As was held in *Yates* v. *City of Milwaukee,* 10 Wall. (U. S.) 497, 505, 19 L. Ed. 984, the mere declaration by a city council that a certain structure was an encroachment or obstruction, did not make it so, "nor could such declaration make it a nuisance unless it in fact had that character."

There is not in the agreed facts any language tending to show any of the elements of a nuisance.

In the *City of Orangeburg Case, supra,* Mr. Justice Baker thus construes a similar ordinance:

"The ordinance declares that the mere soliciting of the sale of merchandise in and upon private residences is a nuisance, and levies a penalty upon such facts shown. The penalty is not based upon the conduct of the salesman, nor is the same based upon any valid shown reason of protecting

the public health, nor is any other fact required save and except an act which in itself is legitimate.

\* \* \* \* \* \* \*

"The occupation of soliciting orders from house to house is a lawful one when conducted in a proper manner. The ordinance does not attempt to differentiate between salesmen who conduct themselves properly and those who do not. The ordinance does not require a license, evidence of good character, a medical inspection of salesmen, or other safeguards which might protect the people, but simply and boldly declares a lawful occupation a nuisance." (181 S. C. 143, 186 S. E. 785.)

■■ It is argued, however, that under what we term the police power of the State, which may be granted a municipality as an arm of the State, the ordinance is valid. This argument is untenable. It does not appear in the case at bar that the interests of the general public are affected in the slightest degree. Unless the general public is affected, there is no warrant in law for the exercise of the police power.

In *Young* v. *Commonwealth,* 101 Va. 853, 45 S. E. 327, 329, this court construed what is known as the "trading stamp act." That act had its origin in the paternal effort of the State to protect its local merchants from out-of-State competition. In holding that the statute could not be justified as a valid exercise of the police power, Judge Harrison said:

"The statute under which this prosecution was had undertakes to prohibit and regulate and control the business of the defendant, and to prescribe penalties for its violation. It is, therefore, both prohibitory and penal in its character. It has been repeatedly held that the only authority which a State or municipality has for enacting legislation of this character grows out of what is known as its 'police power.' This has been generally defined to be that power which a State or municipality has to enact laws or ordinances which pertain to the public safety, the public health, or the public morals. The proposition above stated is so universally

recognized that it does not require the citation of authorities. It follows, therefore, that, unless the statute in question is one which in some way provides for the public safety, pertains to the public health, or concerns the public morals, it is not a valid exercise of the police power.

It is to be further observed that the ordinance under review is invalid for the reason that it permits peddlers and brokers, who are licensed under the provisions of section 192 of the Tax Code, Code 1936, Appendix, p. 2457, to do the very thing it prohibits a solicitor from doing. Likewise, it accords to local merchants the privilege of soliciting orders from the citizens of the town of Culpeper. This inconsistent treatment of citizens is admitted proof of the discriminatory character of the ordinance.

The genesis of the ordinance under review is not disclosed by the record, but it does appear that no householder of the town of Culpeper has complained of the visits of the defendant.

For the reasons stated, the judgment of the trial court will be reversed and annulled and a final judgment discharging the defendant from custody will be entered by this court.

*Reversed.*

HUDGINS, J., concurs in results.