## Richmond

CITY OF VIRGINIA BEACH V. VIRGINIA BEACH STEEL FISHING PIER,
INC.

November 29, 1971.

Record No. 7639.

Present, All the Justices.

*James M. Pickrell (J. Dale Bimson, City Attorney for the City of
Virginia Beach; Kellam, Pickrell, Lawler, Hodges & Kellam,* on
brief), for plaintiff in error.

*Grover C. Wright, Jr. (Caton & Wright,* on brief), for defendant
in error.

SNEAD, C.J., delivered the opinion of the court.

Virginia Beach Steel Fishing Pier, Inc., appellee, brought an action
against the City of Virginia Beach, appellant, seeking compensation
for damages to its property and business allegedly caused by a
nuisance, created and maintained by the city. A jury trial was had
and a verdict in the amount of $40,000 was rendered in favor of the
appellee. The city moved to set aside the verdict as being contrary
to the law and evidence. The trial court overruled the motion and
entered judgment on the verdict. We granted a writ of error to that
judgment.

Several issues are raised by the assignments of error in this appeal.
But the dominant issue, which is dispositive of the entire case, is

whether the city can be liable for creating and maintaining a nuisance if it has acted under lawful authority and without being negligent.

In 1951 and 1952 the city dredged the Rudee Inlet, which is located at the south end of the city. The dredging made it possible for small craft to enter and exit the Atlantic ocean. In 1953 the city constructed two short jetties to protect the entrance of the inlet. Pursuant to plans adopted in 1953, the city extended these jetties in 1967 to a point 700 feet into the ocean.

The appellee owns land fronting 150 feet on the east side of Atlantic avenue south of 2nd street. The property is approximately 150 feet north of the north jetty and is separated from the ocean by a strip of public beach. In 1955 the city granted to the appellee a use permit to construct a fishing pier. The pier was completed in 1956 and extended about 700 feet into the ocean.

The appellee alleged, among other things, in its motion for judgment that the city had, without authority, "wrongfully" constructed the jetties, which caused "unwarranted deposits of sand" to accumulate on its property. The appellee further alleged that the deposits of sand under the pier rendered the water too shallow for fishing, and that this nuisance caused irreparable injury to its pier and business.

Evidence was introduced by the appellee in support of its allegation that the jetties caused sand to accumulate under its pier. This accumulation decreased the depth of the water and thereby rendered it unsuitable for fishing. As a result of the water being too shallow, there was a steady decline in the number of persons using the pier for fishing purposes. An expert witness testified that the damage to the appellee's business amounted to $40,000.

There was no evidence that the jetties were built or maintained in a negligent or unskillful manner, and it is conceded on appeal that the city had lawful authority to construct the jetties.

The appellee contends, as it did in the court below, that the construction of the jetties created a private nuisance so as to obstruct the reasonable use and enjoyment of the fishing pier. According to the appellee, it is not required to prove that the city constructed or maintained the jetties negligently. The appellee relies upon *Portsmouth* v. *Weiss*, 145 Va. 94, 133 S.E. 781 (1926), where this Court said, a municipal corporation has no "immunity from creating or maintaining a nuisance." However, in *Weiss*, it was pointed out that the

act of the city, which constituted a nuisance, was not authorized by law. Other cases relied upon by the appellee are also not applicable.

The city argues that it cannot be liable for a nuisance if the act charged to be a nuisance is lawfully authorized. For this position the city relies upon *Fisher* v. *Seaboard Air Line Railway Co.*, 102 Va. 363, 46 S.E. 381 (1904). In that case we held that a declaration was demurrable because the acts charged to be a nuisance were authorized. The railroad had constructed a trestle within 8 feet of the plaintiff's store and it ran the entire length of his premises. The plaintiff complained that the operation of locomotives on the trestle amounted to an "insufferable nuisance." This Court noted that if the act done was authorized by the legislature, then it could not be a nuisance. But, in order to secure this immunity, the person authorized must do the act without negligence. *Fisher* v. *Seaboard, supra*, 102 Va. at 372, 46 S.E. at 384.

In the case at bar, the city was authorized to construct the jetties. There was no evidence introduced to prove that the jetties were constructed or maintained in a negligent manner. This being the case, the court erred in refusing to set aside the verdict and enter judgment for the city.

*Reversed and final judgment.*