## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

City of Virginia Beach

v.

Maureen Murphy

November 30, 1988

Case No. CR88M-2101

By JUDGE AUSTIN E. OWEN

This action involving a charge of "noise generally" in violation of City Code Section 23-47 came on for trial without a jury on October 24, 1988. Upon conclusion of the presentation of evidence on behalf of the City, the defendant moved the Court to strike the evidence of the City on the contention that Section 23-47 is not a valid ordinance. At the request of the City, the Court deferred any ruling on the motion to permit the City to file a brief and the defendant to respond thereto (the defendant having filed an initial memorandum of law on October 24, 1988).

The Court has now had the opportunity to review the legal memoranda filed by each party and has concluded that the motion of defendant should be granted.

As Mr. Byman notes in his memorandum, the City unquestionably has authority to enact an ordinance to "cause any nuisance to be abated" and to "prevent unnecessary noise therein" under proper circumstances. However, neither that authority nor the City's general grant of police powers provides authority for the adoption of the ordinance in question.

In *White v. Town of Culpeper*, 172 Va. 630 (1939), the Supreme Court explains the distinction between public and private nuisances and quotes with approval from *King*

*v. Lloyd*, 4 Esp. 200, 170 Eng. Rep. 691 (1802), to the effect that "that which affects only three or four persons is a private and not a public nuisance." While some nine citizens testified in this case that they were disturbed by noise, the complaint of only one was made to the police prior to issuance of the summons. Of some interest, too, the investigating police officer stated that he heard the music from across the water and then drove to the lot in front of the restaurant and that the music could not be heard there on the Winston-Salem Avenue side. Four of those testifying to being disturbed lived on the Winston-Salem Avenue side of the restaurant.

The real question here is whether the ordinance by its terms is directed toward conduct that affects the general public. As stated in *White, supra*, a municipality has no authority to declare certain conduct to be a nuisance unless in reality that conduct constitutes a *public* nuisance. "Unless the general public is affected, there is no warrant in law for the exercise of the police power." *White, supra*, at 637.

The City has dealt with *public* nuisances in its Code Section 23-46, the validity of which is not here in question. Code Section 23-47 is clearly directed toward *private* nuisances. It makes it unlawful "to create or allow to be created . . . any unreasonably loud, disturbing, and unnecessary noise in the City (1) or any noise of such character, intensity, and duration as to be detrimental to the life or health *of any person* or persons (2) or unreasonably to disturb or annoy the quiet, comfort, or repose *of any person* or persons. (3)" (Numbers and emphasis added).

Only the first of the three instances of prohibited conduct fails to specify that it relates to *any person* but that it too relates to a *private* nuisance is made clear by the later language of Section 23-47, stating: "The following acts, among others, are declared to be loud, disturbing, and unnecessary noise in violation of this section . . . (1) the playing of any television set, radio, tape player, phonograph, or any musical instrument in such a manner or with such volume as to annoy or disturb the quiet, comfort, or repose *of any person* or persons . . . ."

The City may not under its general police power undertake to make conduct which affects only one person (any person) a *public* nuisance.