CITY OF VIRGINIA BEACH

V.

MAUREEN MURPHY

Record No. 890281

March 2, 1990

Present: All the Justices

*William E. Byman, Assistant City Attorney (Kevin J. Cosgrove, Interim City Attorney*, on brief), for appellant.

No brief or argument for appellee.

JUSTICE WHITING delivered the opinion of the Court.

This case involves the validity of a city's noise ordinance.

Maureen Murphy was prosecuted for violating Virginia Beach City Code § 23-47 because she permitted loud music to emanate from her restaurant in the City of Virginia Beach (the city). As pertinent, that code section provides:

(a) It shall be unlawful for any person to create, or allow to be created any unreasonably loud, disturbing and unnecessary noise in the city or any noise of such character, intensity and duration as to be detrimental to the life or health of *any person* or persons or to unreasonably disturb or annoy the quiet, comfort or repose of *any person* or persons. The following acts, among others, are declared to be loud, disturbing and unnecessary noise in violation of this section, but such enumeration shall not be deemed to be exclusive:

(1) The playing of any television set, radio, tape player, phonograph or any musical instrument in such a manner or with such volume as to annoy or disturb the quiet, comfort or repose of *any person* or persons.

. . . .

(b) Any person who violates the provisions of this section shall be guilty of a Class 4 misdemeanor.

(Emphasis added.)

On October 24, 1988, at the conclusion of the city's case in a non-jury trial, the trial court took Murphy's motion to strike the city's evidence under advisement. On December 13, 1988, it sustained the motion on the ground that the city "may not under its general police power undertake to make conduct which affects only one person (any person) a *public* nuisance." (Emphasis in original.)

The city appeals. Because the trial court's ruling declared the city's noise ordinance unconstitutional, we have jurisdiction under the provisions of Code § 19.2-317.*

---

* Code § 19.2-317(B) provides in part:
> A writ of error shall also lie for any county, city or town from the Supreme Court to the judgment of any circuit court declaring any ordinance of such

■ If an ordinance makes criminal that conduct which is a public nuisance, it is a presumptively valid exercise of the locality's police power. *White* v. *Town of Culpeper*, 172 Va. 630, 635, 1 S.E.2d 269, 272 (1939). On the other hand, if the prohibited conduct is merely a private nuisance, it cannot be made criminal because a municipality has no authority under its police power to punish conduct which is a private nuisance. *Id.* at 636, 1 S.E.2d at 272. Thus, this decision turns on whether the forbidden conduct can be classified as a public nuisance or only a private nuisance.

In *White*, we described the difference between the two concepts as follows:

Nuisances are of two kinds—public or common nuisances, which affect people generally, and private nuisances which may be defined as anything done to the hurt of the lands, tenements, or hereditaments of another.

*Id.* at 636, 1 S.E.2d at 272 (quoting from 2 J. Dillon, Commentaries on the Law of Municipal Corporations 1035 n.1 (5th ed. 1911)).

We have described a private nuisance as "an activity which unreasonably interferes with the use and enjoyment of another's property." *Newport News* v. *Hertzler*, 216 Va. 587, 592, 221 S.E.2d 146, 150 (1976). In other words, a private nuisance is one which implicates or interferes with a right or interest that is *unique* to an individual, such as an interest in land. Restatement (Second) of Torts §§ 821B comment h, 821D (1977).

In a case involving a noisy business, Judge Cardozo pointed out that a public nuisance may arise in two situations:

Public is the nuisance whereby 'a public right or privilege common to every person in the community is interrupted or interfered with,' as by the obstruction of a public way. Public also is the nuisance committed 'in such place and in such manner that the aggregation of private injuries becomes so great and extensive as to constitute a public annoyance and

county, city or town to be unconstitutional or otherwise invalid, except when the violation of any such ordinance is made a misdemeanor by state statute.

There is no state statute making the conduct described in Virginia Beach City Code § 23-47 a misdemeanor.

inconvenience, and a wrong against the community, which may be properly the subject of a public prosecution.'

*People* v. *Rubenfeld*, 254 N.Y. 245, 247, 172 N.E. 485, 486 (1930) (citations omitted).

■ Thus, the distinction between a public and a private nuisance does not depend solely upon the number of people who are *actually affected*, as the trial court held. As one jurisdiction has noted:

If the annoyance is one that is common to the public generally, then it is a public nuisance. . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasion of its rights. A public nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.

*Couture* v. *Bd. of Educ. of Town of Plainfield*, 6 Conn. App. 309, 315, 505 A.2d 432, 435 (1986) (quoting *Nolan* v. *New Britain*, 69 Conn. 668, 678, 38 A. 703, 706 (1897)).

■ The right not to be subjected to "unreasonably loud, disturbing and unnecessary noise," as provided in Virginia Beach Code § 23-47, is "common to all members of the general public," Restatement (Second) of Torts § 821B comment g (1977), and not particular to individuals in the enjoyment of their property. In that sense, this ordinance differs from that in *White*, which attempted to control door-to-door solicitation and affected only the individual property rights of householders.

For these reasons, we are of opinion that the trial court erroneously concluded that the activity proscribed in the ordinance could only be a private nuisance. Therefore, the trial court erred in declaring the ordinance facially unconstitutional on that ground. Accordingly, we will reverse the judgment of the trial court and enter final judgment on that ground.

*Reversed and final judgment.*