## CIRCUIT COURT OF CAMPBELL COUNTY

Board of Supervisors
of Campbell County

v.

NKF Engineering, Inc., et al.

May 14, 1991

By JUDGE J. MICHAEL GAMBLE

I am writing this letter to advise of my ruling on the demurrer of the defendants which I have considered.

I have reviewed the memoranda of authority that [has been] furnished me, and I have considered the stipulated facts. Based upon my review of the authorities and the stipulated facts, including the facts alleged in the bill of complaint taken as true, I overrule the demurrer. The defendants make their demurrer on two grounds. First, the defendants argue that they are immune from injunction in a nuisance action because it is established in Virginia that a governmental body cannot be enjoined from performing an authorized act; and as a public contractor, the defendants maintain this immunity. Next, the defendants argue that the definition of nuisance in § 15.1-29.21 of the Code of Virginia (1950), as amended, is too indefinite, uncertain, and vague, and therefore violates the due process clauses of both the United States Constitution and the Constitution of the Commonwealth of Virginia.

This Court cannot agree that the government (or a government contractor) is immune from injunction in a nuisance action. The defendants have cited three cases in support of this proposition. In *City of Newport News v. Hertzler*, 216 Va. 587, 221 S.E.2d 146 (1976), the Circuit Court of Newport News issued an injunction against the

City for the operation of a public park. The Supreme Court of Virginia reversed. Citing *Portsmouth v. Weiss*, 145 Va. 94, 109, 133 S.E. 781, 786 (1926), the Court held that a municipal corporation has *no immunity* from creating and maintaining a nuisance, where the act complained of is not authorized by law. (emphasis added) 216 Va. at 592-593. In *Newport News v. Hertzler*, the Court reversed the decree of the lower court granting injunctive relief because the decree of the lower court was without sufficient evidence to support the decree. The Court in *Newport News v. Hertzler* did not hold that municipal corporations are immune from injunctions in nuisance actions. To the contrary, the Court established a test to determine whether or not a government entity is immune in nuisance actions. In *Newport News v. Hertzler*, 216 Va. 587, 595, the Court stated:

> where a municipality has the right to operate a particular facility, such operation ordinarily would not constitute an actionable nuisance unless it was negligently performed.

In *Virginia Beach v. Steel Fishing Pier*, 212 Va. 425, 184 S.E.2d 749 (1971), the Circuit Court of Virginia Beach granted a judgment against the City of Virginia Beach for establishing jetties which interfered with a private fishing pier. The Court reversed the trial court and held that where the acts charged to be a nuisance were lawfully authorized and done without negligence, no action could stand against the city. 212 Va. at 427.

This same rule was affirmed by the Supreme Court of Virginia in *Taylor v. City of Charlottesville*, 240 Va. 367, 373, 397 S.E.2d 832 (1990). This case involved a damage case for the maintenance of a city street.

In *Portsmouth v. Weiss*, 145 Va. 94, the Supreme Court of Virginia held that a municipal corporation does not have immunity from creating or maintaining a nuisance.

The only distinction between the instant case and the cases cited above is that the instant case involves an allegation of a public nuisance, rather than a private nuisance. This Court can find no rational distinction between immunity from a public nuisance and immunity from a private nuisance.

Because this Court has ruled that governmental immunity, under certain facts, does not apply to the maintenance of a nuisance, it is not necessary to determine whether or not the defendants constitute a public contractor that shares the government's immunity from injunction. The Court notes, parenthetically, that it appears that a public contractor does share in governmental immunity if that immunity applies. Therefore, in the instant case, it is a factual issue whether or not the defendants constitute a government contractor which may share in governmental immunity.

The second issue raised in the demurrer of the defendants is whether or not the nuisance in § 15.1-29.21 of the Code of Virginia is unconstitutionally indefinite, uncertain and vague. By its very nature, the term "nuisance" does not allow an exact definition. However, the term has been defined by the Supreme Court of Virginia. *National Energy Corporation v. O'Quinn*, 223 Va. 83, 286 S.E.2d 181 (1982); *City of Virginia Beach v. Murphy*, 239 Va. 353 (1990); and *Barnes v. Quarries, Inc.*, 204 Va. 414, 417, 132 S.E.2d 395, 397 (1963).

Accordingly, it is the holding of this Court that terms nuisance and private nuisance have been defined under the common law of the State of Virginia, and therefore, the statute is not unconstitutionally vague.

Mr. Shreve will draw an order overruling the demurrer.