## CIRCUIT COURT OF FAIRFAX COUNTY

Malezi

v.

S. W. Rogers Co., Inc., et al.

May 24, 1991

Case No. (Law) 98976

By JUDGE MICHAEL P. McWEENY

This matter is before the Court on defendant S. W. Rogers Company, Inc.'s Motion to Dismiss Count IV and defendant Stanley Martin, Inc.'s Demurrer to Counts I and II. After hearing oral argument, the Court took the case under advisement to consider the argument and cases submitted. As set forth more fully below, the Motion to Dismiss Count IV is denied, the Demurrer to Count I is overruled, and the Demurrer to Count II is sustained.

### 1. Count IV

Defendant S. W. Rogers asserts two bases for its motion. First, in order to be liable for nuisance, the defendant must not only .create but also maintain the nuisance. Here, plaintiff has failed to allege maintenance. Second, the condition must be dangerous and hazardous in itself to the public at large. Defendant contends that

the "depression" as alleged in the Amended Motion for Judgment does not meet this criteria.

The demurrer is overruled on both grounds. First, the defendant in a nuisance action need only have created or maintained the condition. *See, Taylor v. City of Charlottesville*, 240 Va. 367, 373 (1990); *Price v. Travis*, 140 Va. 536, 542 (1927). Liability is properly based against those who create or "author" the condition, without regard to the power or control to maintain the area where the nuisance is located. *See, Price*, 149 Va. at 544; *Lassiter & Co. v. Grimstead*, 146 Va. 773, 785-86 (1926) (contractor engaged in repairing or constructing a city street is subject to the same liability as any other person would be for accidents caused by obstructions he placed in the streets of a city). The plaintiff has alleged the defendant's creation of the condition, which satisfies the pleading requirement.

Second, a public nuisance is one that injures the citizens generally who may be so circumscribed as to come within its influence. *City of Virginia Beach v. Murphy*, 239 Va. 353, 356 (1990). Its essential characteristic is that it imperils the safety of a public highway and is dangerous or hazardous in itself. *Taylor*, 240 Va. at 372. A depression in the road can constitute such a condition. *See id.* at 372-73 (dangerous conditions which may adjoin a street render the street no less perilous than obstructions or *depressions* negligently permitted within the street itself). Plaintiff's allegations, if proven, could substantiate his claim of public nuisance. The Court will not rule as a matter of law at this stage in the pleadings that the condition complained of does or does not constitute a nuisance. For these reasons, S. W. Roger's Motion to Dismiss Count IV is denied.

### 2. *Count I*

The employer of a general contractor will be vicariously liable for the contractor's acts, if, *inter alia*, the activity contracted for is inherently dangerous, will in the normal course of events produce injury unless special precautions are taken, or where the work will necessarily create a nuisance. *N. & W. Railway v. Johnson*, 207 Va. 980, 983 (1967); *Kesler v. Allen*, 233 Va. 130, 134 (1987). Stan-

ley Martin demurs to the vicarious liability theory in Count I. He does not argue that the rule is incorrect, only that the facts alleged (1) do not meet the definition of a nuisance; and (2) do not rise to the level of ultrahazardous activity.

The demurrer is overruled on both grounds. First, for a public nuisance, it need not be established that defendant interfered with the use, enjoyment, or other rights associated with the plaintiff's ownership of property, nor that the condition is ultrahazardous. Instead, it need only be established that the condition imperiled the safety of a public highway and was dangerous and hazardous in itself. *Taylor*, 240 Va. at 372. Plaintiff has alleged that the installation of the water main valve box on Seymour Drive was done so that its condition was left hazardous and unsafe and which constituted a nuisance. This is sufficient against demurrer.

Second, it is not necessary to allege ultrahazardous activity to impose vicarious liability. The exception to the general rule of non-liability for the acts of an independent contractor is not limited to activities which are ultrahazardous in the sense that they create danger which cannot be eliminated even with the utmost care. *Broaddus v. Standard Drug Co.*, 211 Va. 645, 650 (1971). Instead, it involves work of an intrinsically hazardous character, such that injury is likely to result unless precautionary measures are adopted. *Epperson v. DeJarnette*, 164 Va. 482, 487 (1935); *N. & W. Railway*, 201 Va. at 987. The allegations in the Amended Motion for Judgment meet this standard. For these reasons, the Demurrer to Count I is overruled.

### 3. *Count II*

Stanley Martin also demurs to Count II, on the basis that there are no factual allegations of Stanley Martin's knowledge or connivance in S. W. Rogers' acts so as to constitute an independent breach of duty by Stanley Martin. Plaintiff contends that negligent supervision is akin to the tort of negligent hiring in the independent contractor context and that such specific allegations are not required in a negligence claim.

Were there a duty to supervise in the present case, no independent contractor status could have arisen. The

definition of an independent contractor excludes the duty to supervise in that relationship. *See, e.g., MacCoy v. Colony House Builders*, 239 Va. 64, 67 (1990) (an independent contractor is one who undertakes to produce a given result *without being in any way controlled* as to the method by which he attains that result). Further, while there may be a *right to control* a servant, this does not translate automatically into a legal duty to supervise. The plaintiff's allegation in Count II that Stanley Martin undertook such a duty is a legal conclusion which must be supported with an allegation of some underlying facts. For this reason, the demurrer to Count II is sustained. Plaintiff is granted twenty-one days from the date of this letter to file an amended bill of complaint.