## CIRCUIT COURT OF FAIRFAX COUNTY

David A. Papile

v.

Batman Co., Inc., et al.

August 18, 1995

Case No. (Law) 138351

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on Defendants', Batman Co., Inc. (the "Contractor"), Batman/McNair Associates, L.P. (the "Developer"), Batman/McNair, Inc. (the "General Partner"), and Bahman Batmanghelidj (Batman), Plea in Bar and Demurrer to Plaintiff's Second Motion for Judgment. The Court waived oral argument and the parties submitted this matter to the Court on memoranda. The issues presented to the Court are:

(1) Whether Plaintiff's added allegations in its Second Motion for Judgment of negligence and willful and wanton conduct are time-barred by the two year statute of limitations;

(2) Whether Batman is personally liable for the alleged negligence in his capacity as director, shareholder, agent and employee of all three entities;

(3) Whether the Contractor has a common law duty to safeguard motorists from hazards created by its own work when its work is authorized by a Virginia Department of Transportation Permit;

(4) Whether the Developer, an independent contractor, is liable for the alleged negligence of the Contractor; and

(5) Whether Plaintiff pleaded a cause of action for public nuisance.

Having considered the memoranda submitted by counsel, the Court denies Defendants' Plea in Bar as to Count I, Negligence and grants the Plea in Bar to Count II, Willful and Wanton Conduct; the Court denies Defendants' Demurrer as to the Contractor, the Developer and the General Partner; the Court denies Defendants' Demurrer as to Count III, Public Nuisance; and the Court grants Defendants' Demurrer as to Batman.

*Facts*

Plaintiff filed its First Motion for Judgment on June 14, 1993, (Batman I, Law 124493), which alleged negligence (Count I) and public nuisance (Count II). Plaintiff exercised their right to nonsuit the action on January 26, 1995, and subsequently filed their Second Motion for Judgment on January 26, 1995 (Batman II, Law 138351). Va. Code § 8.01-380; Va. Code § 8.01-229(E)(3); *Clark v. Clark*, 11 Va. App. 286, 398 S.E.2d 82 (1990). Plaintiff's Second Motion for Judgment alleged Negligence, Count I; Willful and Wanton Conduct, Count II; and Public Nuisance, Count III.

This case arises from a motor vehicle collision which occurred at approximately 9:00 p.m. on October 11, 1992, at the intersection of Frying Pan Road and Centreville Road in Fairfax County. Plaintiff entered the intersection on Centreville Road, was struck by a van and sustained serious and permanent injuries (¶¶ 22, 45).

Prior to the collision, the Developer obtained rezoning of land it owned in the area near the intersection to develop it at an urban density (¶¶ 7, 8). The Developer contracted with the Contractor to construct road improvements as part of its rezoning approval (¶ 8, 9). As part of the approved development plan, the Developer, after obtaining the required permits from Fairfax County and the Virginia Department of Transportation (VDOT), extended Frying Pan Road westward to connect with Route 28, and reconstructed the intersection of Frying Pan Road with Centreville Road (¶ 15).

The ultimate traffic control plan for the project included a multi-phase traffic signal for the intersection to be paid for by the Developer but to be installed by VDOT (¶ 16). Several months before Plaintiff's collision, the portion of Frying Pan Road west of the intersection was open to traffic (¶ 18). Plaintiff alleges that the intersection was open to motorists. Plaintiff alleges a citizen complained to Defendants' employees about the traffic stop sign's size and placement and the lack of a warning sign on Frying Pan road. The citizen also notified them that there had been collisions at

the intersection. Plaintiff alleges that the citizen was told by that employee that his company would take care of the problem (¶ 36).

At the time of the Plaintiff's injury, the construction on the roadway had not been completed. VDOT had not accepted the maintenance responsibility of the reconstructed roadway (¶ 19).

## I. *Plea in Bar*

### A. *Standard*

Defendants' contend that Plaintiff's allegations of negligence and willful and wanton conduct contained in the Second Motion for Judgment assert "new negligence causes of action" which are time-barred by the statute of limitations. Va. Code § 8.01-243. Plaintiff replies that its Second Motion for Judgment varies and expands on the First Motion for Judgment. A "cause of action" is defined as a set of operative facts which, under the substantive law, may give rise to a right of action. *Westminster Investing Corp. v. Lamps Unlimited, Inc.*, 237 Va. 543, 379 S.E.2d 316 (1989).

Amendments to a motion for judgment are time-barred when new substantive causes of action, which are different from the cause of action plaintiff asserted when he first filed the action, are pleaded. *Carter v. Williams*, 246 Va. 53, 431 S.E.2d 297 (1993); *Vines v. Branch*, 244 Va. 185, 418 S.E.2d 890 (1992). The Court must consider three factors to determine whether a new cause of action was alleged in a second motion for judgment:

(1) Whether recovery on the original complaint would bar recovery on the amended complaint (i.e. res judicata effect);
(2) Whether the same evidence would support both; and
(3) Whether the same measure of damages would be applicable.

*Vines*, 244 Va. at 189.

The Court compared the allegations of the First Motion for Judgment (Batman I) with the allegations of the Second Motion for Judgment (Batman II).

### B. *Count I: Negligence is Not Time-Barred*

In comparing Count I of both motions for judgment, the Court notes that the allegations in the Second Motion for Judgment provide more details of the negligence cause of action. The cause of action asserted in Count I, Negligence, is the same in both motions for judgment. Upon comparison, the crux of Plaintiff's cause of action remains the same, neg-

ligence. Plaintiff alleged that Defendants breached their duty to safeguard motorists by (1) failing to provide and install proper traffic controls; and (2) failing to respond to the inherent danger created. Plaintiff's cause of action is for negligence, as pleaded in the First and Second Motion for Judgment, therefore, Count I of the Second Motion for Judgment does not state a new substantive cause of action.

The Court holds that the Second Motion for Judgment varies the mode of demanding the same thing and does not allege a new substantive cause of action. *New River Mineral Co. v. Painter*, 100 Va. 507, 511 (1902); *see P. Lorillard Co. v. Clay*, 127 Va. 734, 742 (1920); *Wise Terminal Co. v. McCormick*, 107 Va. 376, 378 (1907). Thus, Defendant's Plea in Bar is denied as to Count I of the Second Motion for Judgment.

## C. *Count II: Willful and Wanton Conduct is Time-Barred*

Count II, Willful and Wanton Conduct of the Second Motion for Judgment, stands on different footing. The Court holds that the factual allegations in the Second Motion for Judgment assert new causes of action. The evidence required to support the original allegations of negligence would not be sufficient to support the willful and wanton conduct claim.

This Court denied Plaintiff's Motion to Amend the First Motion for Judgment to plead willful and wanton conduct in November, 1994. Without this amendment, the statute of limitations was not tolled in the first case by Plaintiff's nonsuit. Plaintiff's cause of action accrued on October 11, 1992. The Second Motion for Judgment, alleging willful and wanton conduct, was filed January 26, 1995, more than two years after the cause of action accrued. Accordingly, Defendant's Plea in Bar is sustained as to Count II of the Second Motion for Judgment.

## II. *Demurrer*

## A. *Defendant Batman Has No Personal Liability*

Defendants contend that Plaintiff fails to allege that Batman personally did anything to injure the Plaintiff. Defendants argue that allegations that a person "may dominate or control" the corporation, or "may treat it as a mere department, instrumentality, agency, etc." fail to state a claim to pierce the corporate veil. *Beale v. Kappa Alpha Order*, 192 Va. 382 (1951). Defendants submit that Virginia requires allegations of fraud or concealment, etc. to state a cause of action to disregard the corporate veil. Defendants contend that Plaintiff fails to allege sufficient facts to overcome the demurrer.

Plaintiff contends that Batman was an active participant as an employee and/or agent of the other Defendants in bringing about the dangerous condition. Plaintiff contends that Batman's liability is not vicarious, but extends from his own negligent or wrongful conduct. See Restatement (Second), Torts § 384 (1965).

The Court holds that Plaintiff has failed to allege sufficient facts to support a claim for piercing the corporate veil of limited liability against Batman. A corporation is a separate and distinct legal entity, that "enable[s] a group of persons to limit their liability . . . [to] the extent of their contributions to the capital stock," and that this concept of limited liability "supports a vital economic policy." *Cheatle v. Rudd's Swimming Pool Supply Co.*, 234 Va. 207, 360 S.E.2d 828, 831 (1987); *Beale v. Kappa Alpha Order*, 192 Va. 382, 64 S.E.2d 789, 796 (1951).

Allegations that a person "may dominate or control" the corporation, or "may treat it as a mere department, instrumentality, agency, etc." are not enough to assert a cause of action to pierce the corporate veil. *Beale*, 64 S.E.2d at 798. In Virginia, plaintiff must also allege "that the corporation was a device or sham used to disguise wrongs, obscure fraud, or conceal crime." *Cheatle*, 360 S.E.2d at 831; *see also Prudential Real Estate Services, Inc. v. Michaelson Properties, Inc.*, 974 F.2d 545 (4th Cir. 1992).

The Second Motion for Judgment fails to allege sufficient facts that would support finding Batman personally liable. Therefore, Defendants' Demurrer to the Second Motion for Judgment as to Batman is granted, and Batman is dismissed as a party to this action.

**B.** *The Contractor Owes A Duty To Safeguard Motorists From Hazards Created By Its Work*

Defendants contend that the Contractor had no duty to Plaintiff in construction of the roadway. In addition, Defendants contend that the legislature (through VDOT) has "supreme control over them [the streets], to open, improve, repair, or to vacate them." *City of Lynchburg v. Peters*, 145 Va. 1 (1926). Defendants assert that there is no general common law duty on roadway contractors to safeguard motorists. Defendants also contend that traffic control was the responsibility of VDOT and their obligations were defined by the VDOT Permit. Therefore, Defendants were without authority to place traffic safety signs or controls at the intersection.

Plaintiff argues that irrespective of the VDOT Permit, the Contractor has a duty to exercise reasonable care to motorists in performing roadway construction. Plaintiff contends that the contractor's duty of care includes

the responsibility to protect motorists from hazardous situations created by roadway construction.

Plaintiff responds that the Second Motion for Judgment alleges that the Contractor was negligent and guilty of willful and wanton conduct in constructing the intersection (Paragraphs 11, 12, 15, 24-26, and 29-37). Plaintiff also responds that Va. Code §§ 33.1-69 and 33.1-12(3) do not alter the common law duties owed by a road contractor to the public, therefore, both are inapplicable. Plaintiff also cites analogous cases from other jurisdictions.

Specifically, in *Smith v. LaFortune*, 179 N.W.2d 136 (Minn. 1970), the court held that the contractor has a duty to protect the public from snares, traps, and pitfalls by erecting appropriate traffic safety warning signs during road construction. The Court opined that the contractor's common law duty coincides with the duty shared by the state to provide such traffic safety warning as may be necessary to protect unwary motorists. Plaintiff asserts that in this case the contractor shared a mutual duty to provide adequate traffic safety warning signs.

The common law recognizes that a contractor has a duty of care, independent of contract, to exercise reasonable care in constructing or repairing roads. *Boyd, Higgins & Goforth v. Mahone*, 142 Va. 690, 699 (1925); *Radosavic v. Virginia Intermont College*, 651 F. Supp. 1037, 1041 (W.D. Va. 1987). The contractor's duty of care includes the responsibility to protect motorists from hazardous situations created by roadway construction. *Ritter Corp. v. Rose*, 200 Va. 736 (1959). This duty specifically includes the duty to provide adequate traffic safety warning signs. *Putnam v. Bero Engineering Corp.*, 195 Va. 161 (1953).[1]

Plaintiff alleged in the Second Motion for Judgment:

(1) The Developer and Contractor undertook to reconstruct the intersection of Centreville Road and Frying Pan Road and their approach roads, ¶ 15;

(2) The roadways were open to motorists while the project was still under permit, including on October 11, 1992, ¶¶ 19;

(3) That in undertaking the project the Developer and Contractor had a duty, in conformance with civil engineering customs and norms, to assume

---

[1] A contractor's duty extends beyond completion of the work, and in an action for negligence, it is not a defense that the work has been completed or accepted. Va. Code Ann. § 8.01-39 (1992 Repl. Vol.).

responsibility for and exercise reasonable care to safeguard the motoring public using the roadways under permit, ¶¶ 11, 12-d, 24; and

(4) The undertaking, as well as the express terms of the VDOT permit, required the Developer and Contractor to assume primary responsibility for the engineering and engineering documentation of all engineering problems, including safety-critical engineering problems related to the design and construction of the roadways prior to final acceptance, ¶¶ 11.

(5) The defendants were negligent (¶¶ 24-26) and guilty of willful and wanton conduct (¶¶ 29-37) in breaching these duties, resulting in a dangerous condition which proximately caused plaintiff's injuries (¶¶ 27, 37).

The Court holds that these allegations state a cause of action for negligence against the Contractor.[2] Accordingly, the Court holds that Defendants' VDOT permit does not limit the common law duty of care owed by the Contractor to Plaintiff.[3] Accordingly, Defendants' Demurrer as to the Contractor in the Second Motion for Judgment is overruled.

## C. *The Developer Has a Non-Delegable Duty*

Defendants allege that the Developer and General Partner are not liable because the Contractor is an independent contractor. Defendants contend that Plaintiff's allegations are insufficient to plead the Developer and General Partner's negligence based on a master-servant relationship with the Contractor. *Norfolk & Western Ry. Co. v. Johnson*, 207 Va. 980 (1967).

Defendants submit that the Second Motion for Judgment does not allege Defendants retained the right to control and the means and methods used

---

[2] *See, Best v. Fred Weber Constr. Co.*, 525 S.W.2d 102 (Mo. App. 1975). In *Transcon Lines Corp. v. Cornell Constr. Co.*, 539 P.2d 1372 (Okla. 1975), the road contractor had placed barricades as directed by the state highway department and the detour center stripe on the project had actually been installed by highway department employees. The defendant tendered jury instructions directing the jury to find in its favor if it found that the traffic controls had been installed in accordance with the plans, specifications and directions of the highway department, contending that any duty it owed to motorists was fulfilled thereby. The Oklahoma Supreme Court held that (the defendant contractor) by law, Cornell had a duty to the traveling public to mark the approach and detour so as not to be dangerous for ordinary use under the circumstances. Whether Cornell had breached his duty to Transcon was a proper jury question under the evidence.

[3] Va. Code § 33.1-69 transfers the governmental control and management of secondary roads from counties to the state. *See Board of Supervisors v. Coombs*, 160 Va. 487 (1933). Va. Code § 33.1-69 and § 33.1-12(3) do not alter the contractor's duty of care to motorists when contractors construct public roads.

to perform the work. *See Craig v. Doyle*, 179 Va. 526 (1942); *Richman v. Nat. Health Laboratories*, 235 Va. 353 (1988); *N. & W. Ry. v. Johnson*, 207 Va. 980, 983 (1967), citing Restatement (Second), Torts § 409 (1965). Therefore, the Second Motion for Judgment fails to state a cause of action for vicarious liability.

Plaintiff contends that the Developer was obligated by contract to construct the road improvements and thereby assumed the duty of reasonable care entailed with the undertaking. Plaintiff also argues that under *Bowers v. Martinsville*, 156 Va. 497 (1931), and *Ritter Corp. v. Rose*, 200 Va. 736 (1959), the Developer's duties were non-delegable.

Further, Plaintiff contends an exception to this rule is where the work creates a nuisance or "will in the natural course of events produce injury unless special precautions are taken." *N. & W. Ry.*, 207 Va. at 983. Plaintiff's Second Motion for Judgment alleges in Count III, a cause of action for Public Nuisance. (¶¶ 38-43). The Court holds that Count III, Public Nuisance, alone is sufficient to state a cause of action against the Developer and General Partner under the nuisance exception set forth above. Accordingly, Defendants' Demurrer as to the Developer and the General Partner in the Second Motion for Judgment is overruled.

### D. *Plaintiff Stated a Cause of Action for "Public Nuisance" in Count III*

Defendants assert that the nuisance label on Count III is merely an attempt to avoid negligence defenses. *See Philip Morris, Inc. v. Emerson*, 235 Va. 380 (1988). Plaintiff maintains that the essential characteristic of a public nuisance as it relates to highways is that the condition imperils the safety of a public highway and is dangerous and hazardous in itself. *Taylor v. City of Charlottesville*, 240 Va. 367 (1990).

Plaintiff alleges the following in support of his claim for public nuisance in the Second Motion for Judgment:

(1) The intersection's condition at the time Plaintiff was injured was created by the defendants (¶¶ 39, 41); and

(2) The intersection's condition was dangerous and hazardous, imperiling the safety of motorists confronting it (¶ 40).

Plaintiff further alleged that Defendant had power and control over the condition.

In *Taylor v. City of Charlottesville*, the Virginia Supreme Court held that "[T]he essential characteristic of a public nuisance as it relates to highways is that the condition imperils the safety of a public highway and is

dangerous and hazardous in itself." 240 Va. 367, 372 (1990). A cause of action may be maintained against a defendant for either creating *or* maintaining the condition which constitutes a nuisance. *Taylor,* 240 Va. at 373; *Malezi v. S. W. Rogers Co.*, 24 Va. Cir. 122, 123 (Fairfax 1991) ("Liability is properly based against those who create or 'author' the condition, without regard to the power or control to maintain the area where the nuisance is located," and on demurrer the allegation that a defendant created the condition is sufficient). The Court holds that these allegations are sufficient to state a cause of action for public nuisance. Accordingly, Defendants' Demurrer to Count III of the Second Motion for Judgment is overruled.