## CIRCUIT COURT OF THE CITY OF RICHMOND

Cathryn Hutchinson

v.

Richmond Metropolitan Authority

October 13, 1995

Case No. LX-206-1

BY JUDGE MELVIN R. HUGHES, JR.

In a two count motion for judgment, plaintiff alleges she was injured when she fell over a chain strung between two posts while leaving the Diamond in Richmond.

Before the court for decision is defendant's plea of sovereign immunity and a demurrer. Defendant, the Richmond Metropolitan Authority (RMA) has filed the plea to a negligence claim and filed a demurrer to a claim that the chain and posts constitute a nuisance.

The plea is based on statutes and common law. The parties have stipulated that the RMA is entitled to immunity to the same extent a municipality would be under common law. The court believes the RMA immune as to negligence, as RMA contends, and the immunity is statute-based. The court also believes that the nuisance claim is legally deficient.

In the first count of the motion for judgment, plaintiff alleges negligence in that the RMA failed to provide plaintiff a safe place to walk, permitted a dangerous and unsafe condition, and failed to warn plaintiff of the unsafe condition. The second count alleges that the RMA created, maintained, and allowed a nuisance and failed to warn plaintiff of its existence.

There are two statutes RMA raises to say that it is immune in this suit. Under Va. Code § 15.1-291 entitled Liabilities of Counties, Cities, and Towns in the Operation of Recreational Facilities it is provided that:

> No city or town which shall operate any bathing beach, swimming pool, park, playground, skateboard facility, or other recreational facility shall be liable in any civil action or proceeding for damages resulting from any injury to the person or property of any person caused by any act or omission constituting simple or ordinary negligence on the part of any officer or agent of such city or town in the maintenance or operation of any such recreational facility. Every such city or town shall, however, be liable in damages for the gross or wanton negligence of any of its officers or agents in the maintenance or operation of any such recreational facility.
>
> The immunity created by this section is hereby conferred upon counties in addition to, and not limiting on, other immunity existing at common law or by statute.

And there is a similar statute RMA relies on, Va. Code Ann. § 29.1-509, which grants immunity to certain landowners who allow their property to be used by others for free. The statute provides in the part pertinent here that "any action against any county, city, town, or local or regional authority shall be subject to the provisions of § 15.1-291, where applicable." The parties agree the RMA is a regional authority. RMA contends that while plaintiff paid to watch a baseball game that had just concluded before she was injured, the surrounding walkways, parking areas, and the Diamond itself is devoted to recreational use. This argument is significant because while RMA leases the Diamond to the Richmond Braves, it constructed the posts and chains and maintains the area. The background concerning the area where plaintiff allegedly fell is important to resolve the questions presented by the plea. This background and other facts have been developed through the deposition testimony of the director of operations for RMA and its engineer in charge of maintenance, which the parties have submitted.

RMA owns, operates, and maintains the Diamond which it leases to the Richmond Braves for baseball games. Before RMA put up the chain and posts in the area where plaintiff allegedly fell, there was a street which passed by the front of the Diamond stadium to the Boulevard, a major thoroughfare. The utility of the area as a street was brought into question because of the presence of vehicular traffic directly in front of the Diamond. So, RMA decided to construct and use an alternate street and route traffic a distance away from the front entrance of the Diamond. It is this

area, the front entrance now closed to vehicular traffic, where plaintiff fell over a chain strung between pillars.

For the reasons stated in RMA's briefs, as to count I, the court concludes that the allegations of negligence cannot be defeated by any common law immunity because the actions described in the Motion for Judgment in this count are propriety in nature as opposed to governmental. The court also finds that under § 15.1-291 the RMA is included within the statute's protection for the reasons outlined in RMA's briefs; the acts described in the Motion for Judgment constitute ordinary or simple negligence. Therefore the RMA has the benefit of a statutory immunity found in § 15.1-291.

The court also finds that the plaintiff's claims under count II, alleging the existence of a nuisance, are legally deficient on demurrer because the plaintiff has not alleged that the RMA created, maintained, and failed to warn of a condition dangerous to the public. See *Taylor v. City of Charlottesville*, 240 Va. 367, 372 (1990).

Accordingly, the plea is sustained and the demurrer is sustained. Count I is dismissed. Plaintiff may plead over as to count II within fifteen days of October 24, 1995, and defendant shall file any response within five days of its receipt of any amended motion for judgment.