## CIRCUIT COURT OF LOUDOUN COUNTY

Parrott

v.

Town of Hamilton

May 1, 1996

Case No. (Law) 15972

BY JUDGE THOMAS D. HORNE

This case is before the Court on the demurrer and plea in bar filed by the Defendant Town. Plaintiff seeks damages arising out of an alleged nuisance maintained by the Town. She contends that the Town has created and maintained a private nuisance by its having failed to adequately maintain a water distribution system. The motion for judgment suggests that such failure to properly repair and maintain the system has resulted in injury to the use and occupancy of her property and to her health. Among other things, Ms. Parrott asserts that she has suffered emotional injury.

The Town pleads sovereign immunity. No evidence was introduced upon the plea. In order for the Plaintiff to prevail in this case, she must show that the act or acts of which she complains were not authorized by law or that the Town acted negligently in constructing and maintaining the system. *Virginia Beach v. Steel Fishing Pier*, 212 Va. 425 (1971); see *Taylor v. City of Charlottesville*, 240 Va. 367 (1990) (public nuisance). Thus, in the event it is established that the Town acted as authorized by law and without negligence in creating and maintaining the system, then it is entitled to immunity. Accordingly, the plea will be overruled with leave granted to the Defendant to raise the issue of liability at trial.

The Defendant challenges the right of the Plaintiff to recover damages for emotional distress. It suggests that such damages may not be recovered where, as is pleaded here, there has been no physical harm alleged or claim of wanton and willful misconduct. The Court finds that the Defendant's reliance on *Womack v. Eldridge*, 215 Va. 338 (1974), is misplaced.

Plaintiff has brought suit upon a theory of a private nuisance in which such damages are recoverable. *Bowers v. Westvaco Corp.*, 244 Va. 139 (1992).

The pleas in bar will be overruled, and the demurrer will be overruled.