## CIRCUIT COURT OF THE CITY OF RICHMOND

Cathryn Hutchinson

v.

Richmond Metropolitan Authority

May 8, 1996

Case No. LX-206-1

By Judge Melvin R. Hughes, Jr.

The defendant in this case, The Richmond Metropolitan Authority (RMA), has filed a Demurrer to the Second Amended Motion for Judgment.

In the Second Amended Motion for Judgment, as with the initial Motion for Judgment, plaintiff alleges that she fell over a chain strung between two posts and injured herself after attending a baseball game at the Diamond in Richmond. Previously the court sustained RMA's demurrer to the original motion for judgment finding that the RMA enjoys an immunity granted by Va. Code § 15.1-291.[1] Having been granted leave to plead over, plaintiff asserts the RMA is liable under a claim of nuisance as stated in paragraph 7 and 8 by: "negligently creat[ing] this condition . . . ." [and] "negligently fail[ing] to warn the public . . . ." As with the demurrer to the original motion for judgment the parties agree that the RMA is entitled to immunity to the same extent a municipality would be under common law.

Under Va. Code § 15.1-291 entitled Liabilities of Counties, Cities and Towns in the Operation of Recreational Facilities:

> No city or town which shall operate any bathing beach, swimming pool, park, playground, skateboard facility, or other recreational facility shall be liable in any civil action or proceeding for damages resulting from any injury to the person or property of any person caused by any act or omission constituting simple

---

[1] This opinion is reported at 37 Va. Cir. 280 (1995). [Reporter's Note]

or ordinary negligence on the part of any officer or agent of such city or town in the maintenance or operation of any such recreational facility. Every such city or town shall, however, be liable in damages for the gross or wanton negligence of any of its officers or agents in the maintenance or operation of any such recreational facility.

The immunity created by this section is hereby conferred upon counties in addition to, and not limiting on, other immunity existing at common law or by statute.

Plaintiff argues the immunity afforded by § 15.1-291 does not apply to nuisance claims and the demurrer should be overruled. In support of her position plaintiff relies on *Taylor v. City of Charlottesville*, 240 Va. 367 (1990), and other authorities. RMA argues that plaintiff's claim of nuisance is just a label put on essentially a claim of negligence and that even if the claim is nuisance, § 15.1-291 still is a bar because that section mentions "any civil action" which it argues includes a claim of nuisance.

The Supreme Court of Virginia has held that while a municipality may enjoy immunity from claims of negligence it does not have immunity against claims of nuisance. *Id.* at p. 373. It is therefore necessary to determine just what a nuisance claim is and whether this claim is just that or just a label for a negligence one as RMA asserts.

In *City of Newport News v. Hertzler,* 216 Va. 587, 592 (1976), the court said this on the subject:

We have held that the "term 'nuisance' embraces everything that endangers life and health, or obstructs the reasonable and comfortable use of property." *Barnes v. Quarries, Inc.*, 204 Va. 414, 417, 132 S.E.2d 395, 397 (1963). Stated another way, a private nuisance is an activity which unreasonably interferes with the use and enjoyment of another's property. See Prosser, Torts, § 89, p. 591 *et seq.* (4th ed. 1971). We have also held that a municipal corporation has no immunity from creating or maintaining a nuisance, where the act complained of is not authorized by law. *Portsmouth v. Weiss*, 145 Va. 94, 109, 133 S.E. 781, 786 (1926).

A public nuisance, on the other hand, has been described as "a condition that is a danger to the public . . . ." *Id.* at p. 372. In *Taylor*, the plaintiff's decedent died after the automobile he was riding in as a passenger plunged into a creek at the end of a street during the nighttime. The City of Char-

lottesville had not placed signs, lights, or guardrails at the end of the street. At night the dead end was not detectable; the plaintiff alleged the car in which decedent was travelling continued past the end of the street and went into the creek. The court reversed the trial court's decision to sustain a demurrer to a claim that the condition was a public nuisance. The City of Charlottesville had argued it was immune. The Supreme Court held that immunity does not apply when a municipality creates or maintains a nuisance. The court further observed:

> The City . . . asserts that, because it is immune from liability for the alleged negligent acts, it likewise is immune from liability for the same negligence associated with the alleged nuisance. We do not agree.
>
> We long have recognized that a municipal corporation may not be immune from liability for creating or maintaining a nuisance. *City of Portsmouth v. Weiss*, 145 Va. 94, 109, 133 S.E. 781, 786 (1926); see *Chalkley v. City of Richmond*, 88 Va. 402, 14 S.E. 339 (1891). This also is the majority view nationwide. *See generally* Annotation, *Rule of municipal immunity from liability for acts in performance of governmental functions as applicable to personal injury or death as a result of a nuisance*, 56 A.L.R.2d 1415 (1957).
>
> We stated a more precise rule in *Virginia Beach v. Steel Fishing Pier*, 212 Va. 425, 184 S.E.2d 749 (1971). In that case, we said that if a municipal corporation creates or maintains a nuisance, it is not protected by the immunity doctrine unless (1) the condition claimed to be a nuisance is authorized by law, *and* (2) the act creating or maintaining the nuisance is performed without negligence. *Id*. at 427, 184 S.E.2d at 750-51.

*Taylor v. City of Charlottesville*, 240 Va. 367, 373 (1990).

And while *Taylor* does not discuss § 15.1-291 as raised or not, its lesson is clear: a municipality does not enjoy immunity against stated nuisance claims founded on negligence.

The language in § 15.1-291, "constituting simple or ordinary negligence . . ." has been a part of the statute since its enactment and was in place at the time *Taylor* was decided. When the earlier reference in the statute to "any civil action" is read along with the reference just mentioned contained in the same sentence, and *Taylor* is considered, actions in public nuisance based on negligence can avoid a claim of immunity, even

though that action can otherwise "[constitute] simple or ordinary negligence" independently. The court has held that the torts of nuisance and negligence are separate and distinct, different in their nature and consequences. *Finley, Inc. v. Waddell*, 207 Va. 602, 610 (1966). The outcome of the case should await further development of the proofs of the allegations to see if the immunity attaches.

Plaintiff has cleared the deficiency cited in the original motion for judgment as a basis for sustaining the demurrer to that pleading. She has now alleged that the RMA created, maintained, and failed to warn of a condition dangerous to the public according to *Taylor*.

For the foregoing reasons, this demurrer is overruled.