# Staunton

LAURENCE A. BARNES v. GRAHAM VIRGINIA QUARRIES, INCORPORATED.

GRAHAM VIRGINIA QUARRIES, INCORPORATED v. LAURENCE A. BARNES.

September 11, 1963.

Record Nos. 5574, 5575.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle and I'Anson, JJ.

The opinion states the case.

*Rothwell J. Lillard (Robert J. McCandlish, Jr.; Randolph W. Church, Jr.; McCandlish, Lillard & Marsh,* on brief), for appellant, Laurence A. Barnes, Record No. 5574; and for appellee, Laurence A. Barnes, Record No. 5575.

*Lytton H. Gibson (Burch Millsap; George M. Giammittorio; Gibson, Hix, Millsap & Hansbarger; Benheim, Fagelson, Bragg & Giammittorio,* on brief), for appellee, Graham Virginia Quarries, Inc., Record No. 5574; and for appellant, Graham Virginia Quarries, Inc., Record No. 5575.

WHITTLE, J., delivered the opinion of the court.

Barnes, the complainant, filed a bill in chancery in the Circuit Court of Fairfax County seeking an injunction against the respondent, Graham Virginia Quarries, Incorporated, and compensation for damages to Barnes' residence caused by the blasting in respondent's quarry. Respondent filed a demurrer and answer; the demurrer being overruled.

A stipulation admitting in evidence a copy of the Zoning Ordinance of Fairfax County in effect during the period of time material to this suit, and a copy of the minutes of a meeting of the Fairfax County Board of Zoning Appeals was filed in the proceedings. A further stipulation of agreed facts was filed at the opening of the trial on September 21, 1961.

At the outset of the proceedings the chancellor, accompanied by the litigants and their counsel, took a view which consisted of a detailed inspection of complainant's residence, the premises on which said residence is located, and a trip by automobile through the immediate surrounding neighborhood.

After the view, the chancellor heard the testimony in behalf of complainant, and received in evidence various exhibits tendered by complainant. The prayer for an injunction was non-suited.

Upon the conclusion of complainant's evidence respondent moved to strike the evidence, which motion was denied. Thereupon respondent elected to rest its case without introducing evidence.

On January 9, 1962, the chancellor filed a memorandum opinion, and on March 3, 1962, the final decree was entered allowing com-

plainant $3,041.80, which covered complainant's cost of moving from the premises to another location. The decree allowed complainant nothing for damages to his residence as claimed in the bill. Complainant objected to the entry of this decree on the ground that it allowed him nothing in the way of damages to his property, and cross-error was assigned and appeal taken by respondent to the court's allowing complainant the cost of moving.

By stipulation the two appeals (Records 5574 and 5575) have been consolidated to be heard as one, with Laurence A. Barnes occupying the position of appellant, and Graham Virginia Quarries, Incorporated, occupying the position of appellee in the consolidated appellate proceedings.

The evidence discloses that Barnes is the owner of a residence in the town of Occoquan, Prince William County, known as "Rockledge". The residence was built in 1758 by a noted colonial architect. The house was constructed of stone; the rear wall resting directly on stone, and the front wall on dirt. Foundations in the modern sense were not built under the walls but the residence was built in accordance with building practices prevailing at the time of construction. The surface of the ground at the site of the house slopes approximately 30 degrees from the rear toward the front. The rock ledge which underlies the house is the same rock ledge in which the respondent has operated the quarry from May 14, 1957, to the date of the trial, which quarry (located in Fairfax County) was operated under a use permit granted by the Board of Zoning Appeals of Fairfax County. The residence is located across the Occoquan river, in Prince William County, 500 feet from the quarry.

Barnes contends that the house had stood for approximately 200 years and had suffered no more than the normal deterioration due to the passage of time. He admits that some settlement had occurred during the years; some of the windows had settled out of plumb; some of the floors were no longer level, and some cracks had appeared in the plaster from time to time prior to the blasting, all of which he says was a normal and natural result of the aging process.

Complainant alleged and sought to prove that from May 14, 1957, the time the quarry began operations, the residence began to deteriorate rapidly, and that by the middle of January, 1960, "the situation had deteriorated so that Mr. Barnes felt obligated to make a complete inspection to determine the structural condition of his residence. He found that the front wall of the house had buckled

and other structural changes had occurred to such an extent that the house was deemed unsafe for occupancy."

■ The trial court held that the course of conduct of the respondent as shown by the evidence constituted a private nuisance. We are of the opinion that the evidence supports this conclusion.

"* * * (W)hen a business, although lawful in itself, becomes obnoxious to neighboring dwellings and renders their enjoyment uncomfortable, whether by smoke, cinders, noise, offensive odors, noxious gases, or otherwise, the carrying on of such business is a nuisance * * *." *Face* v. *Cherry* (1915), 117 Va. 41, 42, 43, 84 S. E. 10.

We have held that the term "nuisance" embraces everything that endangers life or health, or obstructs the reasonable and comfortable use of property. *Bragg* v. *Ives* (1927), 149 Va. 482, 497, 140 S. E. 656.

In this jurisdiction we follow the general rule that it is not necessary to allege or prove negligence when the acts complained of result from a nuisance committed by another in a private capacity. *G. L. Webster Co.* v. *Steelman* (1939), 172 Va. 342, 357, 1 S. E. 2d 305, 311.

■ Respondent contends that in this instance it is shielded from liability for a nuisance because it has secured a use permit for its operation pursuant to Fairfax County's zoning ordinance. This contention is without merit. The permit did no more than allow the respondent to do what the zoning law otherwise prohibited. The permit did not impose any public duty nor did it command the respondent to perform any public act. It is beyond the power of a county or municipality to authorize the maintenance of a nuisance. *G. L. Webster Co.* v. *Steelman, supra*, 172 Va., at page 358, 1 S. E. 2d, at page 311; *Benton* v. *Kernan*, 127 N.J. Eq. 434, 13 A. 2d 825; *Vulcan Materials Co.* v. *Griffith*, 215 Ga. 811, 114 S. E. 2d 29, 34.

In dealing with respondent's assignment of cross-error, we agree with the chancellor's opinion that "The uncontradicted evidence of complainant is that the blasting operations of defendant at least obstructed the reasonable and comfortable use of his dwelling and caused him to move therefrom. The cost of this moving has been stipulated to be $3,041.80, and complainant is entitled to this amount in damages."

■ The next question presented is whether or not complainant has sufficiently proved damages to his dwelling by the blasting to

allow him to recover therefor. Here respondent contends that damages must be proved with absolute certainty; whereas, reasonable certainty is all that is required. The trial court held that damages to the residence of complainant were not proved with reasonable certainty. It is said in 15 Am. Jur., Damages, §§ 20, and 22, pages 410 and 413:

§ 20. "The damages recoverable in any case must be susceptible of ascertainment with a reasonable degree of certainty, or, as the rule is sometimes stated, must be certain both in their nature and in respect of the cause from which they proceed. Damages which are uncertain, contingent, or speculative cannot be recovered either in actions *ex contractu* or actions *ex delicto*. As between possible methods by which a loss may be computed, the law prefers that which leads to certain, and not speculative, results. A reason given for the rule is that uncertain or speculative damages are not susceptible of the exactness of proof that is required to fix a liability."

§ 22. "The damages recovered in any case must be shown with reasonable certainty both as to their nature and in respect of the cause from which they proceed. No recovery can be had where it is uncertain whether the plaintiff suffered any damages, unless it is established with reasonable certainty that the damages sought resulted from the act complained of. Hence, no recovery can be had where resort must be had to speculation or conjecture for the purpose of determining whether the damages resulted from the act of which complaint is made or from some other cause, or where it is impossible to say what, if any, portion of the damages resulted from the fault of the defendant and what portion from the fault of the plaintiff himself."

The chancellor, in his opinion, stated:

"In this case the damages to the house itself are uncertain both in their nature and in respect of the cause from which they proceeded. The complainant, Barnes, an engineer, quite fairly testified that there were cracks in the walls and masonry of the house that existed prior to the defendant's blasting operations, as well as deterioration due to water of the outer shell of some of the posts in the basement. He further testified that the mortar holding the bricks was inferior; that the bathroom to the rear of the house, built between 1931 and 1938, was relatively undamaged; that brick supports in the basement were obviously installed after the house was built for the purpose of helping support the house; that the roof leaked prior to 1931.

"Both the testimony and the view of the premises taken by the Court and counsel at the outset of the proceedings revealed the following:

"1. The floors in the house were out of level and had been for a long period of time, much longer than defendant's operations.

"2. There were several old cracks in the walls and masonry that had been plastered over.

"3. There was evidence of gradual disintegration of some of the cedar posts that helped support the house.

"4. Many windows and doors in the house were out of plumb and had been for many years.

"5. Several buildings and structures were located closer to defendant's quarry than the complainant's house and had suffered no visible damages from defendant's blasting operations.

"Both from the view and the testimony it may be concluded that other causes than the defendant's quarry operations just as likely caused the damage as defendant. Weather, previous blasting operations, lack of footings, vibrations from trucks on the highway in front of complainant's house, insect damage to supporting timbers may well have been factors causing part or all of complainant's damages.

"It is impossible for this Court to say with reasonable certainty required by the law what part, if any, of defendant's activities caused the damages to complainant's house. To assess damages against defendant the Court would have to resort to surmise, speculation and conjecture, and under the law governing the case this is not permitted. The only certain amount of damages proved is the cost sustained by complainant by reason of moving from the house and judgment will be allowed him for same, or $3,041.80, with interest from September 27, 1961."

We said in *Smith* v. *The Pittston Co.* (1962), 203 Va. 711, 715, 127 S. E. 2d 79, 82:

"It is true that where damages are occasioned by a combination of causes originating from different sources, it is for the jury to determine from the evidence what part is attributable to a defendant and what part to other persons or other causes. The burden is on a plaintiff to produce evidence which will show 'within a reasonable degree of certainty' the share of the defendant therein."

In *Gwaltney* v. *Reed*, 196 Va. 505, 507, 84 S. E. 2d 501, 502, it is said:

"The burden was on the plaintiff to prove the elements of her damage with reasonable certainty. She was not required to prove with mathematical precision the exact sum she had lost, but having shown herself entitled to have damages from the defendant it was her duty to furnish evidence of sufficient facts or circumstances to permit at least an intelligent and probable estimate thereof."

As recently stated in the case of *Ware* v. *Ware*, 203 Va. 189, 195, 123 S. E. 2d 357, 361:

"We have many times said that upon a hearing before a judge without a jury his finding upon the credibility of the witnesses and the weight to be given their testimony stands on the same footing as the verdict of a jury and should not be disturbed on appeal unless plainly wrong or without evidence to support it."

In the instant case we cannot say that the determination of the chancellor is plainly wrong, therefore the decree is affirmed.

The appellee in each of these cases (5574 and 5575) having substantially prevailed shall recover its or his costs on this appeal.

*Affirmed.*