## Richmond

JOSEPH FRANKLIN HALE V. BLAKE FAWCETT.

March 4, 1974.

Record No. 730367.

Present, All the Justices.

*Philip M. Sadler; A. Dow Owens (Gilmer, Sadler, Ingram, Sutherland & Hutton, on brief), for plaintiff in error.*

*Eugene L. Nuckols (Crowell, Nuckols & Aust, on brief), for defendant in error.*

I'ANSON, J., delivered the opinion of the court.

Plaintiff, Dr. Blake Fawcett, instituted this action against the defendant, Joseph Franklin Hale, for damages to his corn crop and farmland allegedly caused by defendant's trespassing hogs and cattle. Defendant filed an answer and counterclaim, alleging damage to his land and loss of feed caused by plaintiff's trespassing bulls and steers.

During the course of the trial before a jury, the court below ruled (1) that since there was no "lawful" division fence on the line between the adjoining landowners, neither the plaintiff nor the defendant could recover for any damages done by livestock which came through, over or under the existing fence;[1] (2) that the cattle guard

---

1. *See* Code § 8-869 defining a "lawful" division fence, Code § 8-887 relating to obligation to provide a division fence, and Code § 8-889 concerning repairs to an existing fence.

erected in the line of the existing division fence and the gate which swung across the cattle guard were not a part of the division fence and the defendant was solely responsible for their maintenance; and (3) that plaintiff's action for damages was limited to the damages proved with reasonable certainty which were caused by defendant's cattle crossing through the space between the cattle guard and the gate post.

The jury returned a verdict for the plaintiff in the sum of $7,000. Judgment was entered on the verdict, and the defendant is here on a writ of error to the judgment.

Defendant has assigned numerous errors, but the controlling question presented is whether the plaintiff proved with reasonable certainty what portion of the damages to his corn crop and land was caused by defendant's cattle entering plaintiff's farm through the three-foot opening between the cattle guard and the gate post.

Plaintiff did not assign cross-error to the court's rulings and conceded in oral argument before us that he was limited to the recovery of damages caused by the cattle crossing over to his farm through the space between the cattle guard and the gate post, and not those entering the field through, over or under the existing division fence.

The evidence, stated in the light most favorable to the plaintiff, shows that the plaintiff and defendant were adjoining landowners in the Back Creek section of Pulaski County. To reach his farm defendant had to traverse an easement on plaintiff's farm. This easement terminated at defendant's property line. At the end of the easement the defendant had erected a concrete cattle guard in line with the existing division fence. A gate swung across the cattle guard and extended beyond the width of the guard to a post.

When plaintiff purchased his 299-acre farm in March 1970, the division fence between the two farms was adequate to prevent cattle and hogs from going from one farm to the other. But shortly thereafter, when plaintiff placed about 200 bulls and steers on his farm, defendant's cattle and plaintiff's bulls began to go through and over the fence in several places. Defendant's hogs also entered plaintiff's farm through and under the division fence.

Consequently, plaintiff replaced approximately 2000 feet of the division fence, which constituted about one-half of the fence. Plaintiff testified that he did not replace the entire fence because defendant had agreed to repair his half.

During the spring of 1971, plaintiff removed his bulls and steers and the cattle crossings stopped.

Plaintiff then planted a corn crop in the field adjoining the division fence. When plaintiff visited his farm in early July, he noticed several of defendant's cattle in his cornfield. He complained to defendant's wife and she had the cattle driven out of the field. At this time plaintiff noticed that the gate which extended over the cattle guard had been damaged and would not close. There was an opening between the side of the cattle guard and the gate post. When he visited the farm in August 1971, there were no cattle in his field. But in mid-November, plaintiff, who lived in North Carolina, received a call advising him that defendant's cattle and hogs were in his cornfield. When he visited the farm on November 17, 1971, he saw 25 or 30 hogs and more than 60 cattle in his cornfield and his crop substantially destroyed. He watched some of defendant's cattle going back and forth through the opening between the cattle guard and the gate post.

At plaintiff's request, Kenneth Farmer, a farmer for more than fifty years, visited plaintiff's farm in November 1971. He found that the corn crop had been completely destroyed by the cattle and hogs. Based on his observation, he estimated that about 75 percent of the damage was caused by cattle. He admitted, however, that he did not know how many hogs had been in the cornfield that fall or for how long. Farmer walked along that part of the fence erected by plaintiff and did not observe any gaps in it. He did not examine the other half of the fence. He noticed an opening between the cattle guard and the gate post of approximately three feet. This area was "right slick," indicating to him that cattle and hogs had been crossing through the opening.

A number of witnesses, including farm experts, testified that it was hard, or almost impossible, to tell what portion of the damage to the corn crop was caused by the hogs and what portion was caused by the cattle.

The evidence also revealed that defendant's livestock, particularly cattle, entered plaintiff's farm at and through several breaks in the fence which were located 25 to 100 feet from the area of the cattle guard and the gate.

To recover damages in any case, a plaintiff must prove with reasonable certainty the amount of his damages and the cause from which they resulted. There can be no recovery where speculation or conjecture must be resorted to in order to determine what caused the damage complained of. *Barnes* v. *Quarries, Inc.*, 204 Va. 414, 418, 132 S.E.2d 395, 397-98 (1963).

When there is evidence of damage from several causes, as to a portion of which a defendant cannot be held liable, the burden is on a plaintiff to present evidence which will show "within a reasonable degree of certainty" the share of damages for which a defendant is responsible. *Smith* v. *The Pittston Company*, 203 Va. 711, 715, 127 S.E.2d 79, 82 (1962); *Heldt* v. *Tunnel District*, 196 Va. 477, 484, 84 S.E.2d 511, 515 (1954); *Panther Coal Co. v. Looney*, 185 Va. 758, 771-72, 40 S.E.2d 298, 304-05 (1946).

While there is evidence in the present case that 75 percent of the damage was done by cattle, there is no evidence that the defendant's cattle entering the field through the narrow space between the cattle guard and the gate post caused all of that damage. Defendant's cattle also entered plaintiff's farm through and over the division fence, and the defendant was not responsible for the damage caused by the cattle so entering.

Here we have a case in which there is evidence of damages from separate causes, as to a portion of which defendant cannot be held responsible. No evidence was produced to enable the jury to form a reasonable estimate of what portion of the damage was caused by cattle entering through the narrow opening between the cattle guard and the gate post and what portion was caused by cattle entering through and over the division fence. Since the plaintiff did not prove with reasonable certainty that part of damages for which the defendant could be held responsible, the proof was too uncertain to allow a jury to apportion part or all the proved damages to the acts for which the defendant was responsible. Hence the issue should not have been submitted to the jury. Summary judgment should have been entered for the defendant.

For the reasons stated, the judgment is reversed and final judgment is here entered for the defendant.

*Reversed and final judgment.*