## CIRCUIT COURT OF THE CITY OF RICHMOND

Afton Place Associates, L.P.

v.

Richmond Redevelopment
and Housing Authority

July 21, 1993

Case No. HD-22–1

By Judge T. J. Markow

This case came before the court on May 28, 1993, for hearing on plaintiff's Motion to Strike Defendant's Demurrer. The court took the matter under advisement pending submission of a Reply Memorandum by the Plaintiff. The court has now considered all the submissions of the parties and is prepared to rule.

The allegations of the Bill of Complaint reveal that defendant Richmond Redevelopment and Housing Authority (RRHA) owns an apartment complex across the street from plaintiff's apartment complex. Plaintiff alleges that defendant has allowed its complex to be frequented by drug dealers and users and that crime on defendant's property endangers the safety of surrounding residents. Count I avers that the situation constitutes a nuisance; Count II alleges negligence; and Count III asserts a claim of strict liability.

In its Bill of Complaint, plaintiff proposes a number of remedial measures it contends should be taken by RRHA. Defendant argues against the court giving specific directives to RRHA, believing that "courts should not intervene in the executive or legislative decisions to

manage public housing by mandating that specific proposals be adopted." (Def. Memo. at 3.) Defendant cites a prior decision of this court, *Richmond Tenants Organization v. RRHA*, Case No. HA-681-3 (Cir. Ct. Richmond August 7, 1991), to support that proposition. The court is in accord with its conclusion in that case that "[i]t is not for this court to second guess RRHA in which are the 'best' steps to take . . . . The court does not have expertise in operating housing projects and will not second guess those who do." *Id.* This court is of the opinion that it cannot grant relief in the form of specific directives to RRHA on how to improve the condition of the premises. To the extent the bill of complaint seeks this type of relief, the demurrer is sustained.

However, plaintiff also seeks generally the abatement of the nuisance, as well as damages. These remedies are within the power of this court. The defendant contends that the court may not enjoin the exercise of a governmental discretionary function. Two cases cited for that proposition offer helpful language in addressing this question. *Ferguson v. Board of Supervisors*, 133 Va. 561 (1922), involved an attempt to have tollgates removed from a public road. The court noted that:

> [t]he long arm of equity will be extended, and if necessary lengthened, for the preservation of property rights which are imperiled by the unauthorized or unconstitutional exercise of power by legislative sanction. Equity, however, is consistent, recognizes its own limitations, and is not so inconsistent as to attempt the revision or supervision of governmental action lawfully exercised through the legislative department.

*Id.* at 569. Similarly, in *Yoder v. Givens*, 179 Va. 229 (1942), a case challenging the testing of cattle for disease, the court stated that "equity has not the power to enjoin or restrain a public officer from performing his official duties in a manner authorized by valid law." *Id.* at 238.

These cases do not create a *per se* rule against enjoining all governmental discretionary acts, only those acts authorized by and executed in accordance with valid law. It is on this point that the instant case is distinguishable. RRHA is authorized by law to operate a housing development, but not to create a nuisance in the process. If RRHA's manner of operation does result in a nuisance, then it has exceeded its

---

[1]

authority and may be enjoined. Equity will not quibble over governmental actions which individuals believe are unwise or inconvenient, but it may step in when such actions are unlawful, as is a nuisance.

The United States District Court for the Eastern District of Virginia addressed a very similar situation in *Board of Supervisors v. United States*, 408 F. Supp. 556 (E.D. Va. 1976), *appeal dismissed without op.*, 551 F.2d 305 (4th Cir. 1977). Fairfax County brought an action against the United States, the District of Columbia, and the Attorney General for an injunction and damages stemming from the operation of the Lorton Reformatory. The complaint alleged that:

> due to the number and increasing frequency of escapes, riots and disturbances, the Lorton Complex constitutes a public nuisance. Plaintiff allege[d] numerous escapes, fires, and kidnappings to support this claim. The breaches of security and the resulting threat to the health and safety of the surrounding community allegedly stem[] from the negligent conduct of the District of Columbia defendants in maintaining the facility.

*Id.* at 559. The defendant's argument in that case was that sovereign immunity barred the suit, which is in principle the same as what is argued here. The court found that "[w]here the act complained of is not authorized by statute . . . the person attempting it may be restrained in a proper case, notwithstanding his claim that he is acting in his official capacity." *Id.* at 561 (quoting *Ferris v. Wilbur*, 27 F.2d 262, 264 (4th Cir. 1928)). The court noted that the "District of Columbia, as have other municipalities, has been unable to successfully maintain refuge behind the shield of sovereign immunity to avoid liability for maintaining an alleged public nuisance." *Id.* at 561 (citations omitted).

While the defendant's argument in the instant case is not phrased in terms of sovereign immunity, the nature of the argument is such that the reasoning of *Board of Supervisors* still applies. If a governmental entity operates a facility pursuant to enabling legislation and does so in a manner which constitutes a nuisance, then it has exceeded the scope of its authority and may be enjoined from continuing the nuisance. This is what is alleged in Count I. As such, plaintiff's Count I will stand, except for those portions seeking directives to RRHA from the court as to specific measures to be taken at the complex.

Plaintiff's second count sounds in negligence. As RRHA argues, there is no special relationship in this case which would place a duty

on the defendant to protect this plaintiff from the criminal acts of third parties. *Wright v. Webb*, 234 Va. 527 (1987), *Klingbeil Management Group Co. v. Vito*, 233 Va. 445 (1987), and *Gulf Reston, Inc. v. Rogers*, 215 Va. 155 (1974), address the duty which may be imposed, in certain circumstances, upon landlords to protect tenants, and upon business invitors to protect invitees. This court has found no cases imposing such a duty, in negligence, upon a landowner to protect a neighboring landowner. Under *Klingbeil* and *Gulf Reston* defendant RRHA, as a landlord, might have a duty to its *tenants* to maintain safe conditions and to protect against imminent harm. However, those cases do not extend that duty for the benefit of nearby property owners. The more general duty cited by the plaintiff, under which one may not use his property so as to injure that of another, is the standard applicable to a nuisance claim, not negligence. That claim is addressed in Count I, and, as discussed below, is not conditioned upon a finding of negligence. Further, plaintiff argues that Virginia Code Ann. Section 48–1 *et seq.* has been violated, so as to constitute negligence *per se*. The statute, which refers to special grand juries for investigating nuisances, and to houses of prostitution, is of questionable applicability at best. Even if it were applicable, it also refers to conduct which constitutes a nuisance. As such, plaintiff does not state a claim for negligence and the demurrer to Count II will be sustained.

Finally, plaintiff's Count III is termed "strict liability." The cases cited by plaintiff in support of this count speak to the fact that in Virginia, no negligence need be proven "when the acts complained of result from a nuisance committed by another in a private capacity." *Barnes v. Graham Virginia Quarries, Inc.*, 204 Va. 414, 417 (1963) (citing *G. L. Webster Co. v. Steelman*, 172 Va. 342, 357 (1939)). This simply states the level of proof for a nuisance claim, rather than creating a separate cause of action. So although it may be said that one is "strictly liable" for a nuisance, regardless of negligence, that announces a standard rather than stating an independent claim. Indeed, that standard would be subsumed in Count I. Therefore, the demurrer as to Count III will be sustained.

In light of the foregoing, plaintiff shall proceed on Count I only, for nuisance, but shall not seek this court to compel RRHA to take any specific measures regarding abatement of the alleged nuisance.