## CIRCUIT COURT OF FAIRFAX COUNTY

Abdelhamid Mazi

v.

Jacqueline Gilley

January 22, 1998

Case No. (Law) 157706

BY JUDGE M. LANGHORNE KEITH

On December 20, 1996, Plaintiff, Abdelhamid Mazi, filed a three-count Motion for Judgment against Defendant, Jacqueline Gilley, alleging claims for (1) Breach of Contract, (2) Conversion, and (3) Punitive Damages. On December 16 and 17, 1997, the case was tried without a jury before the Court. After hearing the testimony, evidence, and argument of counsel, the Court took the matter under advisement on December 17, 1997. The Court has now had an opportunity to fully review the evidence and consider the testimony of witnesses and the argument of counsel and makes the following findings of fact and conclusions of law.

### 1. Background

In November of 1995, an automobile repair shop, the All American Car Care Center ("AACCC"), was owned by Eric Khaliqi. Plaintiff, Mr. Abdelhamid Mazi, and his partner, Nejib Dhouib, became interested in purchasing the AACCC and approached Mr. Khaliqi's sister, Jacqueline Gilley, the Defendant, to inquire about purchasing the business. Ms. Gilley informed Mazi and Dhouib that she held a power of attorney to sell the AACCC, and she proposed that Mazi, Dhouib, and herself purchase the business and assets of AACCC from her brother.

On November 26, 1995, a Purchase Agreement was executed by Mazi, Dhouib, and Gilley whereby each party agreed to pay Mr. Khaliqi $15,000.00 to purchase his business. Plaintiff's Ex. 1. Although styled a "Purchase Agreement," the Agreement also set forth a variety of agreements between the purchasers. The three parties formed a Virginia Stock Corporation and began doing business under the name of Magic Auto Care, Incorporated.[1] Plaintiff's Ex. 3. Pursuant to the terms of the Agreement, Dhouib managed and operated the business on a day-to-day basis. Plaintiff's Ex. 1, p. 2. For several months, Dhouib ran the repair shop and then, on or about July 9, 1996, Dhouib abandoned the business and suddenly left the country for Tunisia.

After Dhouib's departure, it became apparent to both Mazi and Gilley that the business was in trouble. Dhouib had written a number of bad checks and left behind a host of unpaid debts and creditors. The Plaintiff and Defendant attempted to carry on the business, but they were overwhelmed with problems. The parties discussed forming a new business; however, the discussions stalled, and they were unable to agree on the form of the new business. Although there was no agreement on how the new business would be run, the parties did agree that the assets of the original business should be equally split between Plaintiff and Defendant.

On or about August 8, 1996, Ms. Gilley formed a limited liability company called Mac/Mega Auto Care, L.L.C. Plaintiff's Ex. 4. Gilley transferred to Mac/Mega the ownership, management, and operational interests of Magic Auto Care, and she assumed all management powers and operating authority over Mac/Mega.

### 2. Breach of Contract

Pursuant to the terms of the Agreement, each party was required to pay the seller, Mr. Khaliqi, $15,000.00. Plaintiff's Ex. 1, p. 1. Paragraph seven of the Agreement further provided that Mazi, Gilley, and Dhouib would each own one-third of the business. *Id.* at p. 2. Gilley was required to provide a certificate of satisfaction evidencing her payment of her share of the $15,000.00 and to provide marketing, advertising, and sales support for the new business at no charge. *Id.* at pp. 1, 4. Essentially, Plaintiff's Contract claim is that Gilley breached the Agreement by organizing a new L.L.C.

---

[1] The name of the business was originally "Magic Auto Care, Inc.;" however, the name was later changed to "Magic Wrench, Inc."

and transferring all of the management, ownership, and operation interest to the new company. Plaintiff further contends that Gilley breached Paragraph 4 of the Agreement by failing to provide a certificate of satisfaction demonstrating payment of her share of the purchase price. Plaintiff also claims that Gilley breached Paragraph 22 of the Agreement by failing to provide advertising, marketing, and sales support for the business.

It is well settled that a plaintiff claiming damages for breach of contract is required to prove (1) a valid contract, (2) a breach of that contract, and (3) a consequential injury or damage that may be fairly supposed to have entered into the contemplation of the contracting parties when they made the contract. *Lanston Monotype Machine Co. v. Times-Dispatch Co.*, 115 Va. 797 (1914). The failure of the party claiming damages to prove any one of the three essential elements is fatal to his or her case. *Id., see e.g., Shenandoah Milling Co. v. Phosphate Products Corp.*, 161 Va. 642 (1933).

The Court finds that the Plaintiff has met its burden with respect to the first and second elements but has failed to carry its burden on the issue of damages. Clearly, a valid enforceable contract was formed between Mazi, Gilley, and Dhouib when they agreed to carry on as co-owners for profit the Magic Auto Care, Inc., automobile repair business. Va. Code Ann. § 50-6; Plaintiff's Ex. 1. The evidence disclosed and the Court finds that Ms. Gilley breached her legal obligation by failing to abide by the terms of the Purchase Sale Agreement.

Although the Court finds that the Agreement entered into between the parties is valid and enforceable and that the Defendant breached the terms of the Agreement, the Court also finds that the Plaintiff has failed to sufficiently prove what damages he suffered as the result of the breach. Damages which are recoverable for a breach of contract are those that may fairly and reasonably be viewed as arising naturally from the breach of contract itself or those that may reasonably be supposed to have been contemplated by the parties at the time of contracting. See, generally, *Appalachian Power Co. v. John Stewart Walker, Inc.*, 214 Va. 524 (1974). However, there can be no recovery where speculation or conjecture must be resorted to in order to determine what caused the damage complained of. *Hale v. Fawcett*, 214 Va. 583 (1974).

To recover damages for breach of contract, a claimant must prove with a reasonable degree of certainty the extent of the loss. *Lehigh Portland Cement Co. v. Virginia Steamship Co.*, 132 Va. 257 (1922); *Pebble Bldg. Co. v. G. J. Hopkins, Inc.*, 223 Va. 188 (1982). In determining the quantum of proof required to sustain the elements of damages awards, the Virginia Supreme Court has stated that a plaintiff must show the amount of his or

her damages with reasonable certainty. Proof with mathematical precision is not required, but there must be at least sufficient evidence to permit an intelligent and probable estimate of the amount of damages. *Hailes v. Gonzales*, 207 Va. 612 (1966).

The Plaintiff has not met his burden. On the issue of damages, the Plaintiff presented a detailed list of monies paid by him to various creditors and suppliers. Plaintiff's Ex. 7. However, there was no evidence presented from which the Court can find that the sums paid by the Plaintiff naturally resulted from the breach or were contemplated by the parties at the time of contracting. Rather, the evidence established only that the Plaintiff paid money to satisfy various creditors in an attempt to salvage the business. Therefore, because the Plaintiff has failed to prove with reasonable certainty that the damages complained of resulted from the breach or were contemplated by the parties at the time of contracting, the Court finds for the Defendant on the Breach of Contract claim.

### 3. Conversion

Plaintiff also claims that Gilley wrongfully assumed all ownership in the business and wrongfully converted the business for her own use and benefit, thereby depriving Plaintiff of his property interest in the business.

Conversion is defined as any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of their possession. *Buckeye Nat. Bank v. Huff & Cook*, 114 Va. 1 (1912); *A & E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 612 F. Supp. 760 (W.D. Va. 1985). In order to maintain an action for conversion, a plaintiff must have a property interest in and be entitled to the immediate possession of the thing alleged to have been wrongfully converted. *Mullins v. Sutherland*, 131 Va. 547 (1921).

The Court finds that Gilley wrongfully converted Mazi's ownership interest in the business. The evidence at trial demonstrated that Mazi had a 50% interest in the business which Gilley converted when she formed a new business and assumed all ownership interests. However, any damages resulting from such a conversion must be measured by the value of the property interest at the date of the conversion.

In an action for conversion, when the conversion is complete, the measure of damages, as a general rule, is the value of the property converted at the time and place of the conversion. *Straley v. Fisher*, 176 Va. 163 (1940). Evidence of value a reasonable time prior and subsequent to the conversion is admissible, its weight going to the trier of fact. *Haynes v.*

*Glenn*, 197 Va. 746 (1956). Plaintiff's theory at trial was to establish the value of his partnership interest in the business by offering evidence of a subsequent sale of the business.

The evidence showed that on February 10, 1997, the Defendant formed yet another partnership with a third party, Mr. Faramarz Yeganeh, called Mega Autocare. Plaintiff's Ex. 6. Pursuant to the terms of that Partnership Agreement, the parties would be equal partners. Plaintiff's Ex. 6, p. 2. Mr. Yeganeh agreed to pay into the partnership $20,000.00, and the Defendant agreed to contribute all of the business' assets as consideration for the agreement. *Id.* Mazi contends that the $20,000.00 contribution paid by Mr. Yeganeh established the value of his ownership interest in the business.

The Court disagrees with the Plaintiff's argument. There was simply no evidence presented which established that the $20,000.00 paid by Mr. Yeganeh equaled the value of Plaintiff's ownership interest in the business. In fact, the language contained in the Partnership Agreement provides only that Mr. Yeganeh would "contribute $20,000.00 to the account of the partnership" and that he agreed to "pay into the partnership a total of $20,000.00." Plaintiff's Ex. 6, p. 2. The $20,000.00 paid by Mr. Yeganeh for an equal share in the new business could have been a capital contribution of $15,000.00 and a purchase price of $5,000.00 or vice versa. The figures could vary widely, and to engage in such conjecture would be pure speculation which the Court declines to do. Therefore, Plaintiff has not established the value of his property interest with reasonable certainty and cannot recover on the conversion claim because of his failure to prove his damages.