# CIRCUIT COURT OF SURRY COUNTY

Sandra L. Wyatt et al.

v.

Sussex Surry, L.L.C.,
and Synagro Central, Inc.

November 2, 2007

Case No. CL06-6900

BY JUDGE W. ALLAN SHARRETT

## I. *Background*

Plaintiffs Sandra Wyatt, Willis Wyatt, Jr., and Robert Wyatt own the property adjacent to defendant Sussex Surry's farm, on which defendant Synagro engages in biosolid recycling. The farm is also located near the property of plaintiffs Eva Gregory and Leverette Gregory. Plaintiff Teresa Gregory is the adult daughter of Eva and Leverette Gregory and resides apart from her parents but visits the farm at least twice daily to care for the horses.

Defendant Sussex Surry, L.L.C. ("Sussex Surry"), a Virginia corporation with its principal place of business in Virginia, owns the 1300 acre farm on which defendant Synagro Central, Inc. ("Synagro") engages in biosolid recycling and has the right under the disposal agreement to terminate Synagro's disposal operations. Biosolid recycling involves spreading the

byproduct of wastewater treatment plant processing (the biosolids are also referred to as "sewage sludge"). Defendant Synagro, a Delaware corporation conducting business primarily in Maryland, began applying biosolids to the Sussex Surry farm in August of 2005 pursuant to a valid permit issued by the Virginia Department of Health for the disposal of biosolids on the farm. However, plaintiffs state that Synagro also dumped roughly one million gallons of hog waste material from Smithfield's lagoons, a material not approved for disposal on the farm. The permit also prohibits the spread of odors from the site.

Plaintiffs allege that, starting around October of 2005, public outcry over the activities on the farm reached the local media, resulting in actual and constructive notice to defendants Synagro and Sussex Surry. Plaintiffs also allege the onset of various health problems as a result of exposure to noxious odors, particulates, and dust from the sludge including coughing/respiratory problems, pneumonia, increased anxiety, and emotional distress.

The suit was originally filed in the Surry County Circuit Court on November 22, 2006, for claims of negligence, private nuisance, and trespass. Defendant Synagro removed the case to federal court on December 20, 2006. This case is on remand from the Eastern District of Virginia. Federal District Judge Hudson delivered the opinion of the Eastern District of Virginia on April 3, 2007.

Plaintiffs do not seek a ban of the disposal of sludge. Plaintiffs seek compensation for personal injury damages as well as the prevention of further injury in the form of an appropriate injunction and punitive damages.

The case is currently before the Court on Defendant Synagro's and Sussex Surry's Demurrer and Motion to Dismiss. Defendants claim that state and federal law preempt common law claims, that plaintiffs have failed to state a claim for trespass, that Teresa Gregory does not have standing to maintain a suit against defendants Synagro and Sussex Surry, and that punitive damages are inappropriate as a claim rather than a remedy.

II. *Analysis*

A. *State and Federal Law Do Not Preempt Common Law Claims*

1. *Standard of Review*

Defendants argue that comprehensive state regulations, as well as federal law, completely preempt common law claims. However, the appropriate standard of review is that the common law will not be considered

altered or changed unless the regulatory enactment encompasses the entire subject covered by common law. *Boyd v. Commonwealth*, 236 Va. 346, 349, 374 S.E.2d 301, 302 (1988). If a statute is "directly and irreconcilably opposed to the rule", then the common law is preempted by the statute.

### 2. *The Right to Farm Act Does Not Preempt Common Law Claims*

At common law, "when a business enterprise, even though lawful, becomes obnoxious to occupants of neighboring dwellings and renders enjoyment of the structures uncomfortable by virtue of . . . offensive odors . . . the operation of such business is a nuisance." *Barnes v. Quarries, Inc.*, 204 Va. 414, 417, 132 S.E.2d 395, 397 (1963).

However, the Right to Farm Act states that "no agricultural operation or any of its appurtenances shall be or become a nuisance if such operations are conducted in accordance with existing best management practices and comply with existing laws and regulations of the Commonwealth. The provisions of this section shall not apply whenever a nuisance results from the negligent or improper operation of any such agricultural operation or its appurtenances." Va. Code Ann. § 3.1-22.29(A). Here, nuisance is preempted by the statute if it is considered an agricultural operation or an appurtenance, a question for the jury. A jury must also determine if both Synagro and Sussex Surry complied with best management practices and existing laws and regulations and whether the defendants were negligent or improperly managed agricultural operations.

In addition, the statute only directly addresses common law nuisance claims, not trespass or negligence claims. Therefore, trespass and negligence claims are not preempted. Defendants point to cases where state law preempts local law related to sludge disposal, but, in the referenced cases, the local law directly conflicted with state law and state law prevailed. In this case, the common law claims for trespass and negligence do not conflict with state law regulating biosolids, so the common law is not abrogated.

### 3. *The Clean Water Act Does Not Preempt Common Law Claims*

The Federal Clean Water Act also does not preempt common law claims in this case, because the regulations do not encompass the field of the common law claim. Defendants Synagro and Sussex Surry point to the case of *International Paper Co. v. Ouellette*, which held that the Clean Water Act preempted a common law claim for nuisance for discharges into Lake Champlain from a wastewater treatment plant pursuant to a permit. 479 U.S. 481, 107 S. Ct. 805 (1987). The court reasoned that ruling that the Clean

Water Act did not prevent a nuisance claim would allow the plaintiffs to circumvent the permit system, "upsetting the balance of public and private interests addressed by the act." *Id.* at 494. However, the Fourth Circuit has expressly found that the Clean Water Act did not preempt state common law claims. *Stoddard v. West Carolina Reg'l Sewer Auth.,* 784 F.2d 1200 (4th Cir. 1986). "We see nothing in the Clean Water Act that presages a congressional intent to occupy the entire field of water pollution to the exclusion of state regulation. The Act specifically provides that pollution be controlled by state law if that law satisfies the federal act." *Id.,* at 1207. This savings clause demonstrates that there was no legislative intent to abrogate the common law with the Clean Water Act.

Thus, Defendants Synagro and Sussex Surry fail to demonstrate any comprehensive federal regulation that abrogates the common law.

### 4. *The Virginia Biosolids Use Regulations and the Virginia Department of Health Do Not Preempt Common Law Claims*

Defendants Synagro and Sussex Surry allege that Virginia regulations preempt common law, but fail to demonstrate that the laws regulate the field of biosolid disposal to the exclusion of common law claims. Unless the law completely occupies the field, it does not abrogate the common law claims. Although the Virginia Administrative Code contains numerous provisions regulating biosolid disposal, it clearly contains a provision stating that "powers and procedures of regulations [are] not exclusive." 12 V.A.C. 5-585-30. "The State Board of Health reserves the right to utilize any lawful procedure for the enforcement of the chapter." *Id.* The plaintiffs have the same right to redress grievances. Also, when an owner of a permit is in violation of the permit, "nothing . . . shall prevent the commissioner or the division from taking actions to obtain compliance with permit requirements prior to issuing an order, or from making efforts to obtain voluntary compliance through conference, warning, or other appropriate means." 12 V.A.C. 5-585-70(E). For example, the Virginia Department of Health may investigate complaints and seek fines, injunctive relief, or criminal penalties against offenders. Va. Code Ann. § 32.1-27(B); 12 V.A.C. 5-585-70. The Virginia Department of Health may also revoke the permit if the disposal affects public health. Va. Code Ann. § 32.1-164.3. This does not suggest that the statutes replace common law claims, as the statutes do not encompass the entire subject covered by common law. The defendants have not pointed to a clearly manifested intent to abrogate the common law claims through regulation of biosolid disposal. Defendants have also not

demonstrated that the regulations encompass the field to the exclusion of common law claims or a direct or irreconcilable conflict between the regulations and common law claims.

### 5. *State Law Preempts an Injunction to Prevent the Dumping of Biosolids*

The Virginia Supreme Court has struck down local ordinances that prohibit using biosolids when the plaintiffs' have obtained a permit. *Blanton v. Amelia County*, 261 Va. 55, 540 S.E.2d 869 (2001). Therefore, state law preempts an injunction preventing the dumping of sludge. However, other forms of an injunction may be appropriate.

### B. *Aerosols and Particulates Are an Invasion of the Property, But Do Not Interfere with a Possessory Interest under a Trespass Claim*

Trespass requires an unauthorized entry or invasion that interferes with the possessory interest in the land. *Cooper v. Horn*, 248 Va. 417, 448 S.E.2d 403 (1994). "Any physical entry upon the surface of the land constitutes such an invasion, whether the entry is 'a walking upon it, flooding it, casting objects on it, or otherwise'." *Id.*

In *Spicer v. City of Norfolk*, the court concluded that hazardous vapors and gases that migrated from the plant to plaintiff's property gave rise to claims of negligence and nuisance, but not trespass, because there was no interference with plaintiff's possession of the property. 46 Va. Cir. 535, 542 (Norfolk 1996). However, in *Cavallo v. Star Enterprises*, the Fourth Circuit Court of Appeals found that wafting vapors are physically perceptible and caused "loss of use and enjoyment of the land," and therefore the trespass claim was appropriate. 100 F.3d 1150, 1154 (4th Cir. 1996). However, the Fourth Circuit in *Cavallo* seems to confuse common law trespass with common law nuisance. This precedent is no longer applicable.

The question is whether the odors and particles constitute a physical entry on the land, caused directly by the actions of the defendants, and whether such an entry interferes with the right of exclusive possession of the land. *Spicer*, 46 Va. Cir. at 542. Although there is a physical entry, it does not interfere with the exclusive possession of the property. However, "Virginia law of private nuisance holds that when a business enterprise, even though lawful, becomes obnoxious to occupants of neighboring dwellings and affects enjoyment of the adjoining land, by virtue of, for example, smoke, cinders, dust, noise or offensive odors, then operation of such business is

'nuisance'. . . . [T]he term 'nuisance' embraces everything that endangers life or health, or that obstructs reasonable use of property." *Barnes*, 204 Va. at 417, 132 S.E.2d at 397. This claim is properly pleaded under private nuisance, not trespass.

## C. *Teresa Gregory Does Not Have a Sufficient Possessory Interest in the Property to Maintain Claims of Nuisance and Trespass*

To recover for trespass, a plaintiff must have actual or constructive possession of the land. *Blackford v. Rogers*, 2 Va. Dec. 292, 293, 23 S.E. 896, 897 (1896). The burden is on the plaintiff to prove the interest. *W. M. Ritter Lumber Co. v. Edwards*, 171 Va. 185, 188, 198 S.E. 433, 434 (1938).

Similarly, plaintiff must have a possessory interest to bring a nuisance claim. This does not have to be ownership, but can extend to family members of the owner who also live at the property. *Bowers v. Westvaco Corp.*, 244 Va. 139, 149, 419 S.E.2d 661, 668 (1992). *Restatement Second of Torts* states that occupancy is a sufficient interest to permit recovery for nuisance claims. § 821E. However, Teresa is not an occupant (she owns her own home), although she is on the family property at least twice a day to feed horses.

In a similar case, the Supreme Court of Minnesota stated that beekeepers who kept bee hives on land that they did not own or rent lacked the requisite property interest to bring a claim of nuisance against a neighbor spraying pesticides. *Anderson v. State, Dept. of Natural Resources*, 693 N.W.2d 181, 192 (Minn. 2005).

Plaintiff Teresa Gregory, therefore, has not demonstrated a sufficient interest in the property to maintain claims for trespass or nuisance and must be dismissed as a plaintiff from these claims.

## D. *Plaintiffs Claim for Punitive Damages Must Be Dismissed*

"When the plaintiff pleads and proves an intentional tort, Virginia law permits the trier of fact to award punitive damages." *See, e.g., Shaw v. Titan Corp.*, 255 Va. 535, 545 (1998). The defendants, however, claim the damages must be dismissed as the plaintiff listed them as a claim rather than a remedy. In another case involving an intentional tort, *Eslami v. Global One Communications, Inc.*, 48 Va. Cir. 17 (1999), the plaintiff listed punitive damages as claim under count 7 of the motion for judgment. In that case, "Eslami [was] granted leave to file a Second Amended Motion for Judgment, within ten days of entry of the order embodying the rulings herein, solely to add prayers for punitive damages to any surviving count." *Id.*

Plaintiff has appropriately prayed for punitive damages. Therefore, although the claim for punitive damages must be dismissed, punitive damages may still be appropriately awarded.

## III. *Conclusion*

The plaintiffs have filed suit for common law private nuisance, trespass, and negligence, requesting compensatory damages, punitive damages, and an injunction against further dumping without additional safeguards. The claim for nuisance is preempted by the Right to Farm Act, unless the defendants acted negligently or improperly managed agricultural operations, all of which are questions for the trier of fact. Therefore, examining the facts in the light most favorable to the non-moving party, it is ordered that the demurrer and motion to dismiss are denied with regard to the nuisance and negligence claims and granted with regard to the claim for trespass, as there is no physical invasion that actually interferes with exclusive ownership of the property and the appropriate remedy lies in the legal theory of private nuisance, rather than trespass. Teresa Gregory does not have standing to bring a nuisance or trespass claim as she is not an owner or occupant of the property, and, therefore, it is ordered that the motion to dismiss her from these claims is granted. The claim for punitive damages is dismissed, though punitive damages may still be awarded.