# CIRCUIT COURT OF FAIRFAX COUNTY

Merrilee C. Miller

v.

Stephen L. Pace
and Nicola S. W. Pace

May 25, 2012

Case No. CL-2011-13874

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on January 20, 2012, upon Defendants Stephen L. Pace and Nicola S. W. Pace's demurrer to Plaintiff Merrilee C. Miller's Complaint. After considering the pleadings and briefs filed by counsel and oral argument, the Court sustained the Defendants demurrer to Count II and took the matter of Defendants' demurrer to Count I and Count III under advisement. For the reasons set forth below, Defendants' demurrer is overruled in part and sustained in part.

*Background*

This is a dispute between neighbors whose adjoining townhouse properties share a common wall. Plaintiff purchased her property in 1994; Defendants purchased their property in 2007. Plaintiff claims that Defendants' predecessor-in-interest's 1994 construction of a patio retaining wall abutting her property created drainage issues which caused Plaintiff's basement to flood in 2004 and which has otherwise caused rot in certain areas due to the accumulation of moisture. According to the allegations of the Complaint, the Fairfax County Department of Code Compliance wrote

Defendants a "notice of violation" which included a violation entitled, "Grading and Drainage VMC 302.2." Compl. ¶ 12. Following Defendants' efforts to reconstruct the subject area of their property, Fairfax County on August 18, 2011, lifted the notice of violation. Compl. ¶ 13. Plaintiff alleges the drainage issues persist and has hired an engineering firm to corroborate her position. Compl. ¶ 15. Plaintiff additionally alleges Defendants' actions have prevented her from maintaining and inspecting certain portions of her wall abutting Defendant's property and, as such, have increased her costs for such maintenance and inspection.

In bringing her claim, Plaintiff alleges three counts: Count I: Breach of an Implied Easement; Count II: Continuing Trespass; and Count III: Nuisance. The Paces demur to all three counts; the demurrer to Count II having been already sustained at hearing, the Court's ruling on the remaining claims is as follows.

### *Analysis*

#### A. *Standard of Review*

In Virginia, a "demurrer tests the legal sufficiency of a pleading and can be sustained if the pleading, considered in the light more favorable to the plaintiff, fails to state a valid cause of action." *Kitchen v. City of Newport News*, 275 Va. 378, 385-86, 657 S.E.2d 132 (2008) (*citing Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909 (2001)). On demurrer, the court must admit the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652 (1991). When considering material facts as pleaded and any inferences that may be drawn from them, the court considers them in the light most favorable to the plaintiff. *Wood v. Mendez*, 265 Va. 68, 76, 574 S.E.2d 263 (2003). If reasonable persons could disagree on the outcome, based on the facts alleged, the demurrer must be overruled. *Huffman v. Love*, 245 Va. 311, 314, 427 S.E.2d 357 (1993).

#### B. *Count I: Implied Easement*

Plaintiff states in her Complaint that the wall at issue is not a party wall and that, in fact, the wall belongs to her. Compl. ¶¶ 7, 10-11, 14, 21, 23-24, 26, 27, 29-32, 36. In support of their demurrer, Defendants argue the granting of an implied easement is preempted by the language of the express easement conveyance language from the townhouse development's governing documents. Section VII.4 of the Reston Governing Documents pertinently state:

Owner shall have an easement of ingress and egress over that portion of the Property necessary for repairs and maintenance of the party wall or fence. There shall be no impairment of the structural integrity of any party wall or fence.

Thus, Defendants argue, Plaintiff fails to state a claim for breach of an implied easement because by the Plaintiff's own allegations, any ingress and egress easement over the Defendant's Property is predicated upon the wall at issue being a "party wall." Defendants argue Plaintiff cannot state a claim for the breach of an implied easement by simultaneously embracing and disavowing the condition necessary to create it, namely, the existence of a party wall.

Plaintiff argues she has satisfied the requirements of alleging an implied easement at the pleading stage of this litigation because the two adjoining parcels share a common grantor and because there is a reasonable need for the easement as necessary for the beneficial use of the land conveyed. The Court agrees.

A right of way by necessity arises from an implied grant or implied reservation of an easement based on the common law presumption that a grantor of property conveys whatever is necessary for the beneficial use of the land conveyed and retains whatever is necessary for the beneficial use of the property retained. *Davis v. Henning*, 250 Va. 271, 276, 462 S.E.2d 106 (1995); *Fones v. Fagan*, 214 Va. 87, 90, 196 S.E.2d 916 (1973). To establish an easement by necessity, a claimant must demonstrate, by clear and convincing evidence, (1) the parcels were under common ownership at one time and that, when severed, a need for the easement arose, (2) the easement is reasonably necessary for the enjoyment of the parcel, and (3) other reasonable means of ingress and egress are lacking. *Carstensen v. Chrisland Corp.*, 247 Va. 433, 438, 442 S.E.2d 660 (1994); *American Small Business Inv. Co. v. Frenzel*, 238 Va. 453, 456-57, 383 S.E.2d 731 (1989).

In the case at bar, Plaintiff has alleged that the parcels of land owned by the Plaintiff and by the Defendants originated with a common grantor. Compl. ¶ 18. In support of the required element that the easement be reasonably necessary for the enjoyment of Plaintiff's parcel, Plaintiff alleges the wall that is her exclusive property is in such close proximity to the property line with Defendants that access to it must be made from the Defendants' property for the purposes of maintaining that wall. Compl. ¶¶ 7, 19. Construing all allegations of fact in a light most favorable to the non-moving party at the demurrer, the Court may reasonably imply from the Complaint that the purported easement is reasonably necessary for the enjoyment of her property as that enjoyment pertains to maintenance of her wall. Similarly, the Court may reasonably imply given the nature of the property that other means of ingress and egress are lacking.

While the language of the Reston Governing documents may be instructive to a trier of fact in determining the intent of the common grantor as that intent is relevant to enjoyment of the separate properties sharing a party wall, that language does not touch easements as they pertain to walls owned exclusively, as is alleged in this case. Thus, the Court holds that at an express easement existing for the necessary maintenance and enjoyment of a party wall does not preempt a party from alleging the existence of an implied easement for the necessary maintenance and enjoyment of a wall which is alleged to be owned exclusively. As such, the Plaintiff has stated a cause of action for an implied easement by necessity.

## C. *Count III: Nuisance*

As the basis for her nuisance claim, Plaintiff alleges that:

> The Defendants have altered and maintain a [patio retaining wall] adjacent to, and in such proximity to, Plaintiff's residence that the Plaintiff is precluded from inspecting her wall, repairing her wall, subjected to increased costs for repair, and has been subjected to past flooding of her basement as well as the rotting of the wood elements of her basement wall, and the conditions present continue to subject her to damage.

Compl. ¶ 36.

Plaintiff further alleges she has, due to the retaining wall maintained by Defendants, experienced a single act of flooding in 2004, but continues to suffer the ongoing "threat" of "prospective" flooding. Compl. ¶¶ 11, 32.

The term "nuisance" includes "everything that endangers life or health, or obstructs the reasonable and comfortable use of property." *Bowers v. Westvaco Corp.*, 244 Va. 139, 144, 419 S.E.2d 661 (1992), *citing Barnes v. Quarries, Inc.*, 204 Va. 414, 417, 132 S.E.2d 395 (1963). However, "not every trifling or imaginary annoyance that may offend the sensibilities of a fastidious person is actionable." *Martin v. Moore*, 263 Va. 640, 648, 561 S.E.2d 672 (2002); *National Energy Corp. v. O'Quinn*, 223 Va. 83, 85, 286 S.E.2d 181 (1992). The discomfort and annoyance must cause substantial harm to the individual, causing a material disturbance or annoyance in use of the realty. *Id.*; *see also Smith v. Pittston Co.*, 203 Va. 711, 717-18, 127 S.E.2d 79 (1962).

In alleging the substantial harm she has sustained due to Defendants continued maintenance of a retaining wall to be the rotting, due to moisture, of her wood siding and related basement wall, Plaintiff does not allege the existence of a persistent endangerment to life or health. Instead, Plaintiff asks the Court to reasonably imply that such rotting siding and moisture in basement walls is accompanied by mold and such mold may cause, at some

unspecified point in the future, the discomfort and annoyance constituting a material disturbance under the "substantial harm" prong. Even construing facts as alleged in a light most favorable to the Plaintiff, Plaintiff's requests oversteps the Court's obligation not to fabricate new facts to find a cause of action. Thus, the Court holds that Plaintiff's allegation of rotting wood and moisture in her basement are insufficient to state a cause of action for nuisance.

The Court additionally holds that Plaintiff's inability to repair or inspect her wall as alleged is not enough to constitute an endangerment to reasonable and comfortable use of her property such that the Court may find she has suffered a "substantial harm" as contemplated by Virginia case law. See *Martin*, 263 Va. at 648. Finally, the Court holds that a single known instance of flooding and the prospective threat of future flooding based upon this single instance, summarily, does not constitute a nuisance. As such, the Plaintiff has failed to state a claim for nuisance, and Defendants' demur to this count is sustained.

## Conclusion

For the foregoing reasons, Defendants' demurrer is overruled as to Count I: Implied Easement by Necessity and sustained as to Count III: Nuisance.